**Ruben Salinas VILLALON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1279–87.**

Court of Criminal Appeals of Texas, En Banc.

June 6, 1990.

L. Aron Pena, Edinburg, for appellant.

Rene A. Guerra, Dist. Atty., Theodore C. Hake, Asst. Dist. Atty., Edinburg, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

Appeal is taken from a conviction for aggravated sexual assault. V.T.C.A., Penal Code, § 22.021(a). After a jury found appellant guilty, the trial court assessed his punishment at eighteen years imprisonment in the Texas Department of Criminal Justice, Institutional Division. On direct appeal, the Court of Appeals reversed appellant's conviction and remanded the cause to the trial court for the entry of an acquittal. *Villalon v. State*, 739 S.W.2d 450 (Tex.App.—13 Dist.1987).

In reversing appellant's conviction, the Court of Appeals decided that the State presented insufficient evidence to prove that appellant penetrated the female sexual organ of the victim. The Court of Appeals reached this conclusion by disregarding a state witness' account of the victim's outcry, and then finding the rest of the state's evidence to be insufficient to establish penetration. *Villalon*, 739 S.W.2d at 452–454. The Court of Appeals justified its setting aside of the witness' testimony because it found it to be inconsistent with the victim's testimony at trial. *Villalon*, 739 S.W.2d at 454. This Court granted the State's petition on three grounds.

All three of the grounds for review are concerned with the Court of Appeals' conclusion that the evidence at trial was insufficient. In the first ground for review, the State attacks the Court of Appeals' overall method of analyzing the State's evidence. In the second ground for review, the State argues the Court of Appeals erred in its assessment of the non-outcry evidence presented by the State. In the third ground for review, the State contends the Court of Appeals was wrong in both its discussion of the purposes for which the nurse's account of the victim's outcry could be considered, and in its attempt to distinguish *Chambers v. State*, 711 S.W.2d 240 (Tex.Cr.App.1986). We will sustain the State's grounds for review and reverse the decision of the Court of Appeals.

## I.

■ In the first ground for review, the State contends that the Court of Appeals applied an incorrect analytical approach to its evidentiary sufficiency review by segregating the evidence at trial, which had been admitted to the jury without any restrictions being requested or placed on the purposes for which it was to be considered, into separate categories and then determining that the individual parts were insufficient to prove the element of penetration. The State alleges that this approach is in conflict with the decisions of the United States Supreme Court and this Court which mandate an analysis of all the evidence admitted at trial in the light most favorable

to the verdict to determine if any rational trier of fact could have found the accused guilty. We agree with the State.

The Court of Appeals erred significantly when it chose to review the State's evidence in separate parts (later in this opinion we will discuss how the Court of Appeals erred in its individual considerations of the non-outcry and the outcry testimony admitted at appellant's trial). The Court of Appeals' failure to review the State's evidence in its entirety during its sufficiency analysis runs counter to the precedent of the Supreme Court and this Court. In *Blankenship v. State*, 780 S.W.2d 198 (Tex. Cr.App.1988), this Court summarized the correct analytical approach to a review of the sufficiency of evidence:

> In reviewing the sufficiency of the evidence to establish whether the State has proved an element of the offense, we must look at all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have believed the element established beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We are not to sit as a thirteenth juror reweighing the evidence or deciding whether we believe the evidence established the element in contention beyond a reasonable doubt; rather, we are to ask ourselves whether the trier of fact, acting rationally, could have found the evidence sufficient to establish the element beyond a reasonable doubt. *Moreno v. State*, 755 S.W.2d 866, 867 (Tex.Cr.App.1988). We do not presume that a jury acted reasonably just because they were properly instructed; we test the evidence to see if it is at least conclusive enough for a reasonable factfinder to believe based on the evidence that the element is established beyond a reasonable doubt. *Jackson*, 443 U.S. at 318, 99 S.Ct. at 2788, 61 L.Ed.2d at 573. See also *Butler v. State*, 769 S.W.2d 234 (Tex.Cr.App.1989).

*Blankenship*, 780 S.W.2d at 206–207.

In the instant case, the Court of Appeals justified its erroneous approach to the sufficiency review on its opinion that the out-

cry was unreliable and, consequently, lacked probative value; as a result, the Court of Appeals separated out the outcry evidence before considering whether there was sufficient evidence at trial to prove penetration. As a reviewing court, the Court of Appeals had a duty to consider *all* the evidence admitted at trial before deciding whether there was sufficient evidence to prove the element of the offense in dispute. In *Lockhart v. Nelson*, 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988), the Supreme Court held, "... a reversal for insufficiency of the evidence should be treated no differently than a trial court's granting a judgment of acquittal at the close of all the evidence. A trial court in passing on such a motion considers all the evidence it has admitted, and to make the analogy complete it must be this same quantum of evidence which is considered by the reviewing court." *Lockhart*, 109 S.Ct. at 291. See also *Beltran v. State*, 728 S.W.2d 382, at 389 (Tex.Cr.App.1987).

The Court of Appeals should have considered all of the evidence, both outcry and non-outcry, admitted at trial before concluding that the evidence of penetration was insufficient and remanding the cause for an entry of an acquittal. The Court of Appeals erred in its sufficiency review when it disregarded the evidence which it believed had been contradicted at trial. *Lockhart v. Nelson, supra;* and *Beltran, supra.* Even if the Court of Appeals second-guessed the probity of the nurse's outcry testimony, that testimony should not have been excluded from the Court of Appeals' sufficiency review or separated out from the rest of the evidence for an individual sufficiency analysis. The Court of Appeals itself found that "there is no question that the school nurse's testimony of what the victim told her establishes penetration." *Villalon*, 739 S.W.2d at 452. It was error

for the Court of Appeals to find the evidence at trial to be insufficient, and it was error to remand the instant cause for the entry of an acquittal. *Deason v. State*, 786 S.W.2d 711 (Tex.Cr.App.1990). We sustain the State's first ground for review.

## II.

■ In its second ground for review, the State argues the Court of Appeals erred in its analysis of the non-outcry evidence by failing to recognize that the totality of this evidence constituted sufficient evidence of penetration. The State explains that the Court of Appeals failed to recognize the rule in this jurisdiction that penetration may be proven by circumstantial evidence. Instead, the Court of Appeals justified its conclusion that the non-outcry evidence did not prove the element of the offense on the victim's inability to directly and explicitly testify that appellant's penis penetrated her vagina. The Court of Appeals relied on *Vasquez v. State*, 145 Tex.Crim. 376, 167 S.W.2d 1030 (1942) for support of its holding. We agree with the State that the Court of Appeals erred in both its statement of the law and in its application of the law to the non-outcry testimony in the instant case.

In *Nilsson v. State*, 477 S.W.2d 592 (Tex. Cr.App.1972), this Court held that in a prosecution for rape, "penetration may be proved by circumstantial evidence," *Nilsson*, 477 S.W.2d at 595. This Court also held that there "is no requirement that the prosecutrix be able to testify as to penetration," *Nilsson*, 477 S.W.2d at 596.[1] See also *Luna v. State*, 515 S.W.2d 271, at 273 (Tex.Cr.App.1974); and *Voight v. State*, 662 S.W.2d 420, at 422 (Tex.App.—13 Dist. 1983). The Court of Appeals overlooked these holdings when it reached back forty-five years to find support for its conclu-

---

1. In *Allen v. State,* 700 S.W.2d 924, at 935–936 (Tex.Cr.App.1985), Judge Miller wrote in his concurring opinion of several good reasons why the use of the term prosecutrix is no longer favored. The use of the term is "blatantly sexist;" the use of the term "prosecutrix" rather than the term "victim" is prejudicial to the victim since it implies there is no *victim* in a sexual assault case; and the acts of the 1983 Legisla-

ture redefined sexual assault cases in gender neutral terms, whereas "prosecutrix" is not gender neutral. Judge Miller concluded that "the term "prosecutrix" should be relegated to the attic trunk, along with corsets and pantaloons, and the term "victim" placed in its stead." *Allen, supra,* at 936. In this opinion the victim of appellant's sexual assault is referred to as the victim.

sion. The rules set out in *Nilsson* and *Luna* reflect the important public policy that we cannot expect the child victims of violent crimes to testify with the same clarity and ability as is expected of mature and capable adults. To expect such testimonial capabilities of children would be to condone, if not encourage, the searching out of children to be the victims of crimes such as the instant offense in order to evade successful prosecution.

■ Keeping in mind the holdings of *Nilsson* and *Luna,* and relying upon the summary of the non-outcry evidence in the Court of Appeals' opinion, we believe that evidence was sufficient to prove the element of penetration. The Court of Appeals summarized the child victim's testimony as follows:

> she stated that he got on top of her and started doing "this." While dolls were used during the trial, the record offers *no indication of what "this" is.* She did state that she didn't have a name for "the stuff he was doing." She said he was on top of her doing bad things "with the one he pees" and that he was trying to "put it where I pee." When asked by the prosecuting attorney if he "put it where (she does) number one," she responded affirmatively. She never testified to language which would establish

penetration of the vagina. Her testimony concerning bleeding was that "three days it started bleeding from where I do number one."

*Villalon,* 739 S.W.2d at 451–452.

The record which was before the Court of Appeals reflected that the child used anatomically correct dolls to demonstrate what she meant by "this". As the Court of Appeals points out in its opinion, the child victim's mother corroborated her testimony that she was bleeding after the commission of the instant offense.

The Court of Appeals' statement in its opinion, that the child "never testified to language which would establish penetration of the vagina," is a clear attempt by the panel below to sit as a thirteenth juror and reweigh the evidence in the instant cause from their own perspective to determine if they believed beyond a reasonable doubt that the non-hearsay evidence proved penetration. We find the Court of Appeals' method of sufficiency review to be in error, and also find that the non-hearsay evidence in the instant case was sufficient for *a rational trier of fact* to have believed that the element of the penetration of the child victim's sexual organ was established beyond a reasonable doubt.[2] *Nilsson, supra; Luna, supra;*

---

2. In the instant case, the jury had the option to convict appellant of Aggravated Sexual Assault or Attempted Aggravated Sexual Assault, or to acquit him.

> Now if you find from the evidence beyond a reasonable doubt that on or about the 15th day of November 1984, in Hidalgo County, Texas, the Defendant, RUBEN SALINAS VILLALON, did then and there intentionally and knowingly cause his penis to penetrate the vagina of M.L., a child younger than Seventeen (17) years of age and not the spouse of the Defendant, and the said M.L. was then and there younger than Fourteen (14) years of age, then you will find the Defendant RUBEN SALINAS VILLALON guilty of Aggravated Sexual Assault as alleged in the indictment.

> Unless you so find beyond a reasonable doubt or if you have a reasonable doubt thereof, you will acquit the Defendant RUBEN SALINAS VILLALON, of Aggravated Sexual Assault, and next consider whether he is guilty of the Lesser Offense of Attempted Sexual Assault.

> Now, if you find from the evidence beyond a reasonable doubt that on or about the 15th

day of November 1984, in Hidalgo County, Texas, the Defendant, RUBEN SALINAS VILLALON, with the specific intent to commit the offense of Sexual Assault on M.L., a female, by penetration of the vagina of M.L., did intentionally or knowingly attempt to cause the penetration of the vagina of M.L., by means of attempting to insert his penis into the vagina of M.L., by committing some act or acts that amounted to more than mere preparation and that tended, but failed, to effect the commission of the offense of Sexual Assault, and that the said M.L. was then and there a child younger than Seventeen (17) years of age and not the spouse of the Defendant and the said M.L. was then and there younger than Fourteen (14) years of age, then you will find the Defendant, RUBEN SALINAS VILLALON, guilty of Attempt to Commit Aggravated Sexual Assault.

*Jackson v. Virginia, supra; Moreno, supra; Butler, supra;* and *Blankenship, supra.* The State's second ground for review is sustained.

## III.

In its third ground for review, the State contends that the Court of Appeals erred in its analysis of the admissibility of the nurse's outcry testimony, as well as the purposes for which the nurse's account of the child victim's outcry could be considered. Specifically, the State argues: that the Court of Appeals failed to see that Art. 38.072, V.A.C.C.P., as an exception to the hearsay rule, allows for the admissibility of outcry as substantive evidence; that, in light of the child victim being present and testifying at trial, the Court of Appeals mistakenly viewed the issue as one involving appellant's right to confrontation; that the Court of Appeals falsely characterized the outcry as contradicting the child victim's trial testimony in order to justify its exclusion of the outcry from consideration in its sufficiency review; and that the Court of Appeals improperly interpreted this Court's opinion in *Chambers v. State,* 711 S.W.2d 240 (Tex.Cr.App.1986). We agree with the State that the Court of Appeals improperly interpreted both Art. 38.072, V.A.C.C.P., and *Chambers v. State,* and that the Court of Appeals erred in its perception of the relationship between the outcry and both the child victim's testimony and appellant's right to confrontation.

Unless you so find beyond a reasonable doubt or if you have a reasonable doubt thereof, you will acquit the Defendant, RUBEN SALINAS VILLALON, of Attempt to Commit Aggravated Sexual Assault.
After listening to the evidence and reading these instructions, the jury believed appellant to be guilty of Aggravated Sexual Assault.
**3.** Art. 38.072 § 2, V.A.C.C.P., sets out:
(a) This article applies only to statements that describe the alleged offense that:
(1) were made by the child against whom the offense was allegedly committed; and
(2) were made to the first person, 18 years of age or older, other than the defendant, to whom the child made a statement about the offense.
(b) A statement that meets the requirements of Subsection (a) of this article **is not inadmissible because of the hearsay rule** if:

It was not error for the trial court to admit the nurse's testimony of the child victim's outcry to the jury.

## A.

■ First, the Court of Appeals erred in not recognizing that Art. 38.072 § 2, V.A.C.C.P.[3] allowed for the admissibility of the nurse's testimony as substantive evidence, and not for any "limited purposes." The Court of Appeals stated that their review of the rule "reveals no mention of the purpose for which the hearsay statement may be considered. We are not aware of any case which has considered the question." *Villalon, supra,* at 453. The Court of Appeals then proceeded to treat the nurse's account of the victim's outcry as inadmissible hearsay.

The Court of Appeals did not need the assistance of precedent to read the clear intent from the language of § 2(b); specifically, that the nurse's testimony is not inadmissible because of the hearsay rule so long as the statutory predicate had been met. Because the statutory predicate was met in the instant case, the nurse's testimony constituted an exception to the hearsay rule, Ray, Texas Practice, Vol. 1A, Law of Evidence, § 928, at 2 & 38–39 (Supp.1990). As a statutory exception to the hearsay rule, the testimony contained sufficient guarantees of trustworthiness to be admissible at trial for all purposes, even though the declarant was available to testify. Goode, Wellborn, and Sharlot, Texas Prac-

(1) on or before the 14th day before the date the proceeding begins, the party intending to offer the statement:
(A) notifies the adverse party of its intention to do so;
(B) provides the adverse party with the name of the witness through whom it intends to offer the statement; and
(C) provides the adverse party with a written summary of the statement;
(2) the trial court finds, in a hearing outside the presence of the jury, that the statement is reliable based on the time, manner, content, and circumstances of the statement; and
(3) the child testifies or is available to testify at the proceeding in court or in any other manner provided by law.

tice, Vol. 33, Guide to the Texas Rules of Evidence, § 801.1, at 546, and § 802.1, at 571. (1988).

In the instant case, the predicate of Art. 38.072, § 2(b) was met. The State provided appellant with the notice called for in § 2(b)(1), including the written summary of the child victim's outcry statement to the nurse. The trial court convened a hearing outside the presence of the jury to review the nurse's testimony. At that hearing, appellant objected that the child victim's statement to the nurse was not reliable because it was made a year after the offense allegedly occurred and that it only supported the testimony of the child victim. The trial court overruled these objections and found the testimony to be admissible under the law. Even though the trial court submitted no written findings that the statement is reliable, as pointed out by the Court of Appeals[4], the trial court's ruling at the hearing outside the presence of the jury implied that it found the nurse's testimony to be reliable, thereby complying with § 2(b)(2). See *Buckley v. State*, 786 S.W.2d 357, 359–59 (Tex.Cr.App.1990). Lastly, the child was available to testify at trial, was called by the state to testify during its case in chief, and was tendered without restrictions to appellant for cross-examination. This met the requirement of § 2(b)(3). The State satisfied each element of the predicate for admission of the nurse's testimony as an exception to the hearsay rule.

The Court of Appeals' attempt to find a limited purpose for which the nurse's testimony was admitted belies a simple fact evident in the record of the instant trial: at no time did appellant's trial counsel request any limiting instructions regarding the testimony. The trial counsel did not request that the jury be instructed that their con-

sideration of the nurse's testimony was to be limited in any manner. Appellant's trial counsel also did not request that any limiting instruction concerning the nurse's testimony be attached to the court's charge to the jury. The nurse's testimony was admissible at trial, as ruled by the trial court, for all purposes.

### B.

■ In its pursuit of a rationale to justify casting aside the nurse's testimony, the Court of Appeals discussed appellant's Sixth Amendment right to confrontation of the witnesses against him and referred to this Court's decision in *Long v. State*, 742 S.W.2d 302 (Tex.Cr.App.1987), and the Supreme Court's decision in *Lee v. Illinois*, 476 U.S. 530, 106 S.Ct. 2056, 90 L.Ed.2d 514 (1986).

Admission of a victim's outcry statement to another under the authority of Art. 38.-072, V.A.C.C.P., does not implicate a denial of a defendant's right to confrontation of the witnesses against him because of the requirement of § 2(b)(3) that the child testifies or be available to testify in the proceedings against an accused. *Buckley v. State*, 786 S.W.2d 357 (Tex.Cr.App.1990).[5] In the instant case, appellant's Sixth Amendment right to confrontation was not infringed upon because the State called the child victim to testify during its case in chief and tendered the child to appellant for cross-examination. *Buckley, supra;* and *Long, supra.*[6]

### C.

■ The Court of Appeals also discounted the reliability of the victim's outcry because the victim's testimony at trial "did not corroborate but, in fact, contradicted

---

4. The Court of Appeals made direct mention of the trial court's failure to make these findings on the record; however, the Court of Appeals disregarded this failure in its determination of whether the nurse's testimony could be admitted for any or limited purposes. *Villalon, supra,* at 453. Perhaps the court of appeals found the trial court essentially complied with the requirements of the statute.

5. We note that *Buckley v. State* was decided by this Court subsequent to the decision in this cause.

6. In *Briggs v. State*, 789 S.W.2d 918 (Tex.Cr. App., 1990), this Court ruled that Art. 38.071 was not facially unconstitutional because subsection (a)(8) required that the child victim be made "available to testify." *Briggs*, at 922.

the crucial hearsay statement concerning penetration." *Villalon,* 739 S.W.2d at 454. We agree with the State that the Court of Appeals erred when it characterized the victim's trial testimony as contradictory in order to justify its exclusion of the outcry from its sufficiency analysis.

In Section II of this opinion, we quoted the Court of Appeals' summary of the child victim's testimony at trial. Some of it appeared to be ambiguous in nature, although the victim unequivocally answered affirmatively when the State asked her if appellant put his penis where she "does number one." The nurse testified at trial that the victim told her that appellant: "had hurt me bad"; "had put his thing inside me, between my legs"; and "the—the thing that a man uses to pee with."

The Court of Appeals' conclusion that these two accounts of the instant offense are in contradiction is in error. While it is clear that a positive statement that an event has occurred contradicts a negative statement that the event did not occur, that is not the case here. Contra, *Fernandez v. State,* 755 S.W.2d 220 (Tex.App.—1 Dist. 1988) (pet.granted); & *Forrest v. State,* 769 S.W.2d 298 (Tex.App.—1 Dist.1989) (pet.granted) (wherein each case, the state's witness at trial both recanted her prior out-of-court statement and testified in contradiction of the statement.) Here, the nurse's positive statements did not contradict the victim's slightly ambiguous statements; instead, the nurse's testimonial account of the victim's outcry complemented and clarified the victim's testimony at trial.

The nurse's testimony was not unreliable due to any contradiction with the victim's testimony. It was error for the Court of Appeals to base its exclusion of the nurse's account of the victim's outcry from its sufficiency analysis on that reason. Consequently, we find the Court of Appeals' conclusion, "that the nurse's testimony of hearsay statements of the victim is not sufficient, as a matter of law, to establish penetration when the victim's testimony about the same fact is insufficient to establish it", to be without a basis in law or fact.

D.

Lastly, the Court of Appeals held that *Chambers v. State,* 711 S.W.2d 240 (Tex. Cr.App.1986) was distinguishable because it involved a charge of credit card abuse where inadmissible hearsay was admitted without objection, and "all the other circumstances were consistent with guilt." *Villalon, supra,* at 454. *Chambers* is distinguishable from the instant case, but not for that reason. It is distinguishable because it involved inadmissible hearsay which was not objected to by the defendant. The instant case involves testimony that appellant objected to as being hearsay, but which clearly met a statutory exception to the hearsay rule and was admissible for that reason.

We sustain the State's third ground for review. We remand this cause to the Court of Appeals to resolve the points of error unanswered on original submission.

CLINTON and TEAGUE, JJ., concur in the result.