Spencer v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-92-012-CR

     DONALD MARCEL SPENCER,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 24,357
                                                                                                    

O P I N I O N
                                                                                                    

      Donald Marcel Spencer was convicted by a jury of aggravated sexual assault. See Tex.
Penal Code Ann. § 22.021 (Vernon 1989). The jury found "true" to two enhancement
paragraphs and assessed punishment at life in prison. Spencer's sole point of error is that the
evidence is insufficient to sustain the conviction.
      Spencer was indicted for the aggravated sexual assault of his eleven-year-old stepdaughter. 
The indictment alleged that he committed the assault "by causing his sexual organ to penetrate the
female sexual organ" of the victim. The victim, A.H., testified that around Thanksgiving of 1990,
Spencer "stuck his private part in me." Dr. Grady Shaw, an emergency room physician, testified
that he examined the girl in January 1991. He testified in pertinent part:
Q: What did you find from your examination of [A.H.]?
 
A: I was asked to examine [A.H.] in relation to an allegation of possible sexual abuse, and
I performed a complete physical examination on her after interviewing her. Her physical
examination was, essentially, normal with specific reference to the possibility of sexual abuse. 
This was a child who was near puberty but had not actually achieved puberty. She had a mild
vaginal discharge, which was not abnormal. The introitus or entrance to her vagina was
larger than one would normally expect in a child her age who had never had intercourse. 
There was no hymen or maidenhead present. And there was, at that time, no evidence of
trauma of tears or lacerations or bleeding.
 
Q: Based on your examination on January 8th, 1991, of [A.H.], could you state with medical
probability whether or not that examination would be consistent with her being sexually
assaulted by an adult male on or about November 23rd of 1990?
 
A: Yes that's—the examination was consistent with that possibility.
 
Q: Did you find anything in your physical examination or your interview—I assume you also
interviewed her—
 
A: Yes.
 
Q: —[A.H.]—that would be inconsistent with her allegations that her stepfather, Donald
Spencer, on or about November 23, 1990, caused his sexual organ to penetrate her female
sexual organ?
 
A: No, there was nothing on her exam or interview that was inconsistent with that allegation.

      Spencer asserts that the evidence is insufficient to support the conviction because the State
failed to prove an essential element of the offense as alleged in the indictment—that he caused his
sexual organ "to penetrate the female sexual organ" of the victim. He asserts that the victim's
testimony that he "stuck his private part in me" does not sufficiently specify the female sexual
organ. 
      In reviewing the sufficiency of the evidence to establish whether the State has proved an
element of the offense, we must look at all the evidence in the light most favorable to the verdict
and determine whether any rational trier of fact could have believed the element was established
beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979). We are not to sit as a thirteenth juror reweighing the evidence or
deciding whether we believe the evidence established the element in contention beyond a
reasonable doubt; rather, we are to ask ourselves whether the trier of fact, acting rationally, could
have found the evidence sufficient to establish the element beyond a reasonable doubt. See
Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988).
      The courts recognize that child victims cannot testify with the same clarity and ability as
mature adults. Villalon v. State, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990). Penetration may
be proven by circumstantial evidence. Id. at 133; Nilsson v. State, 477 S.W.2d 592, 595 (Tex.
Crim. App. 1972). There is no requirement that the victim be able to testify as to penetration. 
Villalon, 791 S.W.2d at 133; Nilsson, 477 S.W.2d at 596. 
      The victim testified that Spencer "stuck his private part in me." Dr. Shaw testified that the
entrance to the child's vagina was larger than usual in a child her age who had not had intercourse,
that no hymen was present, and that nothing in the findings of his physical examination was
inconsistent with the allegations that Spencer had caused his sexual organ to penetrate her sexual
organ. Spencer denied that he had assaulted the girl. He testified that she had had disciplinary
problems at school and that he had chastised her. Don Barron, an officer with the Navarro County
Sheriff's Department, testified that he investigated the alleged sexual assault, that Spencer fled to
Alabama, and that he was finally apprehended in Colorado eight months later using an alias. 
Barron also testified that, in his discussions with him, Spencer had never mentioned that A.H. had
made up the allegations because of any disciplinary action. 
      Evidence of flight is admissible as a circumstance from which an inference of guilt may be
drawn. Foster v. State, 779 S.W.2d 845, 859 (Tex. Crim. App. 1989). The jury, as the trier of
facts, is the exclusive judge of the credibility of the witnesses and the weight to be given the
evidence. Williams v. State, 692 S.W.2d 671, 676 (Tex. Crim. App. 1984). After reviewing all
the evidence before us in the light most favorable to the verdict, we find that a rational trier of fact
could have found the element of penetration beyond a reasonable doubt. We overrule the point.
      We affirm the judgment.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed August 12, 1992
Do not publish