Shultz v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-055-CR
&
No. 10-93-067-CR
     RONALD A. SHULTZ,
                                                                                   Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court # 19,645CR & 19,644CR
                                                                                                    

O P I N I O N
                                                                                                    

      Ronald A. Shultz was charged with five counts of aggravated sexual assault in cause number
10-93-067-CR and six counts of the same offense in cause number 10-93-055-CR. See Tex.
Penal Code. Ann. § 22.021 (Vernon 1989). He pleaded guilty to all five offenses in cause 93-067-CR and to three of the counts in cause 93-055-CR. He pleaded not guilty to the remaining
counts, the only charges alleging penetration. The State abandoned two of these counts, and a jury
convicted him on the third. The jury assessed punishment at ninety-nine years imprisonment on
each of the counts, to be served concurrently.
       Although he filed a notice of appeal in both causes, Shultz does not challenge the judgment
in cause 93-067-CR. He raises two points of error in cause 93-055-CR. In point one, he
challenges the sufficiency of the evidence to support the penetration element of the offense. In
point two, he claims that the court erred by overruling his objection to the leading nature of the
questioning of the child victim. We affirm the judgments.
      In resolving the sufficiency-of-the-evidence issue, we view all the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the offense beyond a reasonable doubt. See Villalon v. State, 791 S.W.2d
130, 132 (Tex. Crim. App. 1990). The jury is the exclusive judge of the credibility of the
witnesses and is free to accept or reject any part of a witness' testimony. See Lackey v. State, 819
S.W.2d 111, 116 (Tex. Crim. App. 1989). 
      Shultz argues that the State failed to produce any credible evidence establishing that he
penetrated the sexual organ of the child victim with his sexual organ, as alleged in the indictment. 
On direct examination, the child victim testified that Shultz "put [his penis] inside me" and that
it hurt when he did. Shultz testified that he never penetrated the child. 
      The conflict between the State's evidence and Shultz's testimony created a fact question to be
resolved by the jury. "The evidence is not rendered insufficient simply because [Shultz] presented
a different version of the events." See State v. Turro, No. 1428-92, slip op. at 6 (Tex. Crim.
App. December 8, 1993). The child's testimony is sufficient to support the jury's verdict. See
Villalon, 791 S.W.2d at 132; see also Scoggan v. State, 799 S.W.2d 679, 681 (Tex. Crim. App.
1990). Point one is overruled.
      In point two, Shultz complains that the court allowed the State to "lead" the child victim
throughout her testimony. The rules of evidence allow leading questions during direct
examination "as may be necessary to develop [the witness'] testimony." Tex. R. Crim. Evid.
610(c). Whether to allow the use of leading questions is left to the sound discretion of the trial
court. Hernandez v. State, 643 S.W.2d 397, 400 (Tex. Crim. App. 1982), cert. denied, 462 U.S.
1144, 103 S.Ct. 3128, 77 L.Ed.2d 1379 (1983). To obtain a reversal, Shultz must show that he
was "unduly prejudiced" by virtue of the leading questions. See id. "The asking of leading
questions is seldom a ground for reversal (especially where a child is testifying)." Uhl v. State,
479 S.W.2d 55, 57 (Tex. Crim. App. 1972).
      The victim was six years old when she testified at Shultz's trial. We do not believe that the
court abused its discretion in allowing the State to examine a six-year-old sexual-assault victim by
leading questions. Point two is overruled.
      The judgments are affirmed.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed January 19, 1994
Do not publish