TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00355-CR






John Peter Roberts, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT


NO. 45,948, HONORABLE OLIVER KELLY, JUDGE PRESIDING







 This appeal is taken from a conviction for possession of a controlled substance, to wit: 
cocaine in the amount of one gram or more but less than four grams by aggregate weight, including
adulterants and dilutants, a third degree felony. Tex. Health & Safety Code Ann. § 481.115(c) (West
Supp. 1997). (1) After the jury found appellant, John Peter Roberts, guilty, the trial court assessed
punishment at 10 years' imprisonment and a $2,000 fine.

 Appellant advances one point of error: "The trial court incorrectly denied the appellant's
motion for directed verdict based on the insufficiency of the evidence relating to the State's burden of proof
as to the chemical composition and weight of an alleged controlled substance and its adulterants and
dilutants when the weight of such adulterants and dilutants is used to enhance punishment." A challenge
to the trial court's ruling on a motion for an instructed verdict is in actuality a challenge to the sufficiency of
the evidence to support the conviction. Madden v. State, 799 S.W.2d 683, 686 (Tex. Crim. App. 1990),
cert. denied, 499 U.S. 954 (1991). We shall consider appellant's contention as a challenge to the legal
sufficiency of the evidence to support the conviction.

 In reviewing the legal sufficiency of the evidence, this Court must view all of the evidence
in the light most favorable to the jury's verdict and determine whether a rational trier of fact could have
found beyond a reasonable doubt all the essential elements of the offense charged. Jackson v. Virginia,
443 U.S. 307, 319 (1979); Villalon v. State, 791 S.W.2d 130, 132 (Tex. Crim. App. 1990). The
standard for review is the same in both direct and circumstantial evidence cases. See Geesa v. State, 820
S.W.2d 154, 158 (Tex. Crim. App. 1991); Herndon v. State, 787 S.W.2d 408, 409 (Tex. Crim. App.
1990). In measuring the sufficiency of the evidence, the court must look to the indictment as incorporated
in the jury charge. See Fisher v. State, 887 S.W.2d 49, 55 (Tex. Crim. App. 1994); Jones v. State, 815
S.W.2d 667, 670 (Tex. Crim. App. 1991). The verdict may not be overturned unless it is irrational or
unsupported by proof beyond a reasonable doubt. Matson v. State, 819 S.W.2d 839, 846 (Tex. Crim.
App. 1991).

 On the night of August 19, 1995, Killeen Police Officers John Moseley and Jeff Donohue
were on special duty as narcotic officers. They were dressed in mufti and were driving an unmarked police
vehicle. As they drove into the parking lot of Motel Seven on Veterans' Memorial Boulevard, they saw
appellant and Eddie Lee Moore at the rear of the parking lot in what appeared to be a narcotics
transaction. As they approached, Officer Donohue saw appellant throw an object which fell on the
windshield of a nearby vehicle. Donohue recovered a small plastic baggie from the vehicle which appeared
to contain rock-like crack cocaine and arrested appellant. Officer Moseley field-tested the suspected
contraband and found that it tested positive for cocaine.

 The chain of custody of the substance was established. It was later analyzed by Henry
Amen, a chemist with the Department of Public Safety laboratory in Waco. He found the substance, off-white colored rocks, to contain cocaine and gave its weight as 1.24 grams, including any possible
adulterants and dilutants. Amen did not perform any test to determine what the adulterants or dilutants
were. He explained that such tests were not routinely performed. He did not know the weight of any
adulterants and dilutants in the substance submitted to him. Amen acknowledged that the adulterants and
dilutants may have weighed more than .24 grams and that there could have been less than one gram of pure
cocaine. He added, however, that there was the possibility that the substance was "100 percent cocaine"
as it was not known that any adulterants or dilutants actually existed in the substance.

 The defense offered no evidence and rested with the State. The jury, under the court's
charge which tracked the facially complete indictment and to which there was no objection, returned a
verdict of guilty rejecting appellant's plea of not guilty.

 In a prosecution for possession of a controlled substance, the State must prove (1) the
defendant exercised care, custody, control, or management over the contraband, and (2) the defendant
knew the matter was contraband. Tatum v. State, 836 S.W.2d 323, 324 (Tex. App.--Austin 1992, pet.
ref'd).

 Appellant relies upon Cawthon v. State, 849 S.W.2d 346, 348-49 (Tex. Crim. App.
1992), which held that when adulterants and dilutants constitute a part of the weight of the controlled
substance utilized to increase punishment, the State must prove beyond a reasonable doubt: (1) the identity
of the named illegal substance, (2) that the added remainder (adulterants and/or dilutants) has not affected
the chemical activity of the named illegal substance, (3) that the remainder (adulterants and/or dilutants) was
added to the named illegal substance with the intent to increase the bulk or quantity of the final product, and
(4) the weight of the illegal substance, including any adulterants and/or dilutants. In Cawthon, the court
held that the only definition of adulterants and dilutants recognized was the one set forth in McGlothlin v.
State, 749 S.W.2d 856 (Tex. Crim. App. 1988), which defined adulterants and dilutants as "compounds,
substances, or solutions added to the controlled substance with the intent to increase the bulk of the
product. Or, increase the quantity of the final product 'without affecting its activity.'" Id. at 860; see also
Reeves v. State, 806 S.W.2d 540, 542 (Tex. Crim. App. 1990), cert. denied, 499 U.S. 984 (1991). 
In reversing the conviction for possession of amphetamine with intent to deliver at least twenty-eight grams
but not more than four hundred grams, the Cawthon court noted that the State's chemist had testified the
substance in question contained twenty percent [25.752 grams] amphetamine, but the record did not
contain any testimony regarding the nature of the rest of the substance. Nor did the State prove that the
unidentified portion was added to the amphetamine to increase the bulk or quantity of the amphetamine
without affecting its chemical activity. See also Thorpe v. State, 863 S.W.2d 739, 741 (Tex. Crim. App.
1993).

 In the instant case, appellant claims the State failed to prove elements two and three of the
Cawthon test in that it did not prove the adulterants or dilutants had not affected the chemical activity of
the cocaine or that the adulterants and dilutants were added to the cocaine with the intent to increase the
bulk or quantity of the final product. Appellant overlooks a change in the statutory law since the decision
in Cawthon. There is now a statutory definition of "adulterant or dilutant" in the Texas Health and Safety
Code that became effective September 1, 1994, prior to the date of the commission of the instant offense. 
It provides: "Adulterant or dilutant means any material that increases the bulk or quantity of a controlled
substance, regardless of its effect on the chemical activity of the controlled substance. Tex. Health & Safety
Code Ann. § 481.002(49) (West Supp. 1997); see also Act of May 29, 1993, 73d Leg., R.S., ch. 900,
§2.01, 1993 Tex. Gen. Laws 3568, 3705. This definition must be read together with the section of the
Health and Safety Code that furnishes the foundation for appellant's indictment:


(c) An offense under Subsection (a) is a felony of the third degree if the amount of the
controlled substance possessed is, by aggregate weight, including adulterants or dilutants,
one gram or more but less than four grams.



Tex. Health & Safety Code Ann. § 481.115(c) (West Supp. 1997).

 The result of the new definition is that by the time of the alleged offense and appellant's
subsequent trial, the State no longer had to prove that added adulterants or dilutants had not affected the
chemical activity of the controlled substance. See Williams v. State, 936 S.W.2d 399, 405 (Tex.
App.--Fort Worth 1996, pet. filed). We also conclude the statutory change has eliminated the third
requirement of Cawthon, which appellant asserts was not met.

 Moreover, Officer Moseley, based on his experience as a narcotics officer, testified that
powder cocaine is cocaine derived from coca leaves and "by the time it arrives in the United States it has
been cut or what we call stepped on several times which means it has dilutants added to it." He described
crack cocaine as a hard rock-like substance which results from the powder cocaine being mixed with
baking soda in a cooking process, "some type of heat source," which removes as much of the dilutants as
possible to produce a purer form of cocaine.

 The chemist was not required to perform an analysis or test to determine how much of the
substance was a controlled substance as alleged and how much was some other material in order to sustain
the conviction. See Williams, 936 S.W.2d at 405.

 We conclude that, after viewing the evidence in the light most favorable to the jury's
verdict, a rational trier of fact could have found beyond a reasonable doubt all the essential elements of the
offense charged. Because the jury's verdict was not irrational or unsupported by proof, we overrule
appellant's sole point of error.

 The judgment is affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Powers, Kidd and Onion*

Affirmed

Filed: March 20, 1997

Do Not Publish




* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. §74.003(b) (West 1988).
1.   Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 2.02, 1993 Tex. Gen. Laws 3586, 3706.07. The
statute provides for stair-step levels of punishment depending on the amount of the controlled substance
involved.



pe v. State, 863 S.W.2d 739, 741 (Tex. Crim. App.
1993).

 In the instant case, appellant claims the State failed to prove elements two and three of the
Cawthon test in that it did not prove the adulterants or dilutants had not affected the chemical activity of
the cocaine or that the adulterants and dilutants were added to the cocaine with the intent to increase the
bulk or quantity of the final product. Appellant overlooks a change in the statutory law since the decision
in Cawthon. There is now a statutory definition of "adulterant or dilutant" in the Texas Health and Safety
Code that became effective September 1, 1994, prior to the date of the commission of the instant offense. 
It provides: "Adulterant or dilutant means any material that increases the bulk or quantity of a controlled
substance, regardless of its effect on the chemical activity of the controlled substance. Tex. Health & Safety
Code Ann. § 481.002(49) (West Supp. 1997); see also Act of May 29, 1993, 73d Leg., R.S., ch. 900,
§2.01, 1993 Tex. Gen. Laws 3568, 3705. This definition must be read together with the section of the
Health and Safety Code that furnishes the foundation for appellant's indictment:


(c) An offense under Subsection (a) is a felony of the third degree if the amount of the
controlled substance possessed is, by aggregate weight, including adulterants or