Affirmed and Opinion filed August 29, 2002









Affirmed and Opinion filed August 29, 2002.

 




 
 
 
  
 
 
 




 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-00965-CR

____________

 

ISAAC RODRIGUEZ, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 



 

On
Appeal from the 208th District Court 

Harris  County, Texas

Trial
Court Cause No. 853,146

 



 

O
P I N I O N

A
jury found appellant, Isaac Rodriguez, guilty of aggravated sexual assault of a
child.  The trial court assessed
punishment at twenty-four years= confinement.  In two
points of error, appellant claims the evidence is legally and factually
insufficient to support the conviction. 
We affirm.   

Background
and Procedural History








Sharon
Cortez, the complainant=s stepmother, testified that the complainant became hysterical
when it came time to take her back to her mother=s house at the end of the Fourth of July weekend.  Cortez testified that the complainant
confided in her that appellantCcomplainant=s mother=s boyfriendChad sexually abused her and that she was afraid to go
home.  Cortez told the complainant=s
father who, in turn, reported the sexual abuse allegations to the police. 

During
trial, the complainant testified that appellant moved in with her family when
she was eight or nine years old.  At the
time, the complainant was living in her maternal grandmother=s
house.  She testified that she and
appellant were in the home alone the first time he touched her.  She explained that on that occasion the other
members of the household were working and the other kids had gone to school,
but that she missed the school bus.  She
said appellant lied and told the school that she would not be there that day
because she was sick.  She testified that
she and appellant were in the kitchen when he told her to move closer to him
and then A[h]e started touching me@ inside her pants.  She
said appellant touched her Amiddle part@ with his finger and told her not to tell anyone.  She said she was scared and afraid of
appellant.  She testified that the
touching occurred on more than one occasion and that it continued after they
moved out of her grandmother=s house.  The complainant
testified that appellant also put his Amiddle part@ on her Amiddle part@ and that he made her touch his private part with her hands and
put his penis, or Amiddle part@ in her mouth.  The
complainant testified that it hurt when appellant put his private part on hers.

Sheela
Lahoti, a general pediatrician at the Childrens= Assessment Center Clinic, examined the complainant and
testified that her examination of complainant=s genitalia showed a scar indicating older trauma and that
suggested there had been Apenetrating trauma.@  Appellant testified and
denied the sexual assault allegations. 

Legal
and Factual Sufficiency 

In
two points of error, appellant claims the evidence is legally and factually
insufficient because the testimony of the complainant was not credible. 








In
evaluating the legal sufficiency of the evidence, we view the evidence in the
light most favorable to the verdict and determine whether any rational trier of
fact could have found the essential elements of the offense beyond a reasonable
doubt.  King v. State, 29 S.W.3d
556, 562 (Tex. Crim. App. 2000) (citing Jackson v. Virginia, 443 U.S.
307, 319, 99 S. Ct. 2781, 2788-89 (1979)). 
We conduct a factual sufficiency review by reviewing all the evidence in
a neutral light to determine whether the proof of guilt is so obviously weak as
to undermine confidence in the jury=s determination, or whether the proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof.  Johnson v. State, 23 S.W.3d 1, 11
(Tex. Crim. App. 2000).  We may set aside
the jury=s
verdict only if it is so contrary to the overwhelming weight of the evidence as
to be clearly wrong and unjust.  Id.
at 7.

A
person commits an offense if that person knowingly or intentionally causes the
sexual organ of a child to contact or penetrate the mouth, anus or sexual organ
of another person and if the victim is younger than fourteen years of age.  See Tex.
Pen. Code Ann. ' 22.021 (Vernon Supp. 2002). 
In this case, the prosecutor used male and female dolls to aid in
complainant=s testimony.  The
complainant described the female genitalia area on the doll as the Amiddle
part.@  The jury then heard complainant testify that
appellant touched her on her Amiddle part@ on more than one occasion.  
She said appellant put his Amiddle part@ on her Amiddle part,@ made her touch his private part with her hands, and made her
put his penis, or Amiddle part,@ in her mouth. 
Complainant stated that it hurt when his private part touched her private
part. 








Appellant
claims the state offered no scientific or medical evidence to corroborate
complainant=s testimony.  However,
Dr. Lahoti examined complainant, who was almost ten at the time of the
exam.  Lahoti testified that complainant=s
record showed that complainant said her mother=s boyfriend had touched her Amiddle part@ under her clothes and it hurt when appellant touched her under
her clothes with his middle part.  Lahoti
testified that her examination of complainant=s genitalia showed a scar indicating older trauma, which
suggested there had been Apenetrating trauma.@  In any event, the
testimony of a child victim, standing alone, is sufficient to support a
conviction for sexual assault.  See
Jensen v. State, 66 S.W.3d 528, 534 (Tex. App.CHouston [14th Dist.]
2002, no pet.); Tex. Code Crim. Proc.
Ann. art. 38.07 (Vernon Supp. 2002) (the testimony of a victim under 18
does not require corroboration to support a conviction for aggravated sexual
assault).  

Appellant
also claims complainant=s testimony is not credible, noting that complainant denied on
direct examination that appellant=s Amiddle part@ had touched her Amiddle part,@ although complainant changed her testimony during rebuttal
testimony.  A child is not expected to
testify with the same ability and clarity that is expected of a mature, capable
adult witness.  Villalon v. State,
791 S.W.2d 130, 134 (Tex.
Crim. App. 1990).  The complainant explained that her earlier
answers were given because she was scared and embarrassed.  Reconciling conflicts in the evidence is
within the exclusive province of the jury. 
Wyatt v. State, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000).  The jury heard the complainant testify that
the touching began when they were living in her grandmother=s
home and that appellant continued to touch her in her mother=s
home.  In contrast, the jury heard
appellant testify that he did not touch her. 
The jury also heard other members of the household testify that they had
not noticed the abuse.  Here, the jury
clearly believed the testimony of the complainant and disbelieved the testimony
of appellant and his witnesses.  We are
required to give deference to the fact-finder=s determinations, particularly determinations concerning the
weight and credibility of the evidence, and we will not disturb those findings
on appeal.  Johnson, 23 S.W.3d at
9.








An
appellate court=s review of the evidence should not substantially intrude upon
the jury=s
role as the sole judge of the weight and credibility of witness testimony.  Wesbrook v. State, 29 S.W.3d 103, 112 (Tex. Crim. App. 2000).  While a neutral
review of the evidence reveals contradictory testimony throughout the trial,
resolution of such conflict is an issue for the jury.  Wyatt, 23 S.W.3d at 30.  We do not find evidence in the record that
greatly outweighs the evidence supporting the verdict.  Nor do we find the proof of guilt to be so
obviously weak as to undermine confidence in the jury=s
determination.  Accordingly, the jury=s
decision was not clearly wrong and unjust. 
Appellant=s points of error are overruled.

The
judgment of the trial court is affirmed.

 

 

 

 

/s/        Leslie
Brock Yates

Justice

 

 

Judgment rendered and Opinion filed  August 29, 2002.

Panel consists of Justices Yates, Seymore,
and Guzman.

Do Not Publish C
Tex. R. App. P. 47.3(b).