# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-01-00596-CR

---

**Robert Jeremy Lara, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 26TH JUDICIAL DISTRICT
NO. 00-911-K26, HONORABLE BILLY RAY STUBBLEFIELD, JUDGE PRESIDING**

---

A jury convicted Robert Jeremy Lara of aggravated assault of a public servant, unlawful possession of a firearm by a felon, and tampering with evidence. *See* Tex. Pen. Code Ann. ' 22.02 (West 1994) (aggravated assault), '' 37.09(a)(1), 46.04(a) (West Supp. 2002) (evidence tampering, firearm possession). The jury assessed sentence on the convictions at forty-two years in prison for the aggravated assault and twenty years in prison for each of the remaining offenses, the sentences to be served concurrently. Appellant contends that the evidence is legally and factually insufficient to support the jury=s verdict on the aggravated assault-charge; at trial, he admitted committing the remaining offenses and does not attempt to retract those admissions. We will affirm the judgment.

At trial, appellant also admitted to some of the elements of the offense of aggravated assault of a public servant. He admitted that Michael Kincaid, clearly acting as a Round Rock police officer, stopped him for a traffic violation. (Kincaid stopped him for following another vehicle too closely, but suspected that appellant was intoxicatedCespecially after briefly observing him and the interior of his vehicle.) Appellant testified that a handgun was on the passenger seat when Kincaid approached the front passenger-side window. Remembering that, as a felon, he was not allowed to possess a firearm, he drove away suddenly only seconds after Kincaid reached the window. Kincaid returned to his car and pursued appellant through a nearby residential area. Appellant drove off the roadway and over barricades. As he did so, he held up the gun.

The dispute on appeal concerns appellant=s intention in displaying the gun. Appellant argues that he intended to discard the gun surreptitiously and denies that he intended to threaten Kincaid. The State contends that he intentionally and knowingly pointed the gun at Kincaid, placing Kincaid in fear of imminent danger of bodily injury.

Appellant challenges both the legal and factual sufficiency of the evidence to support his conviction. In assessing the legal sufficiency of the evidence, we view all of the evidence most favorably to the jury=s verdict and determine whether any rational trier of fact could have found beyond a reasonable doubt the essential elements of the offense charged. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Villalon v. State*, 791 S.W.2d 130, 132 (Tex. Crim. App. 1990); *Aiken v. State*, 36 S.W.3d 131, 132 (Tex. App.CAustin 2000, no pet.). When reviewing the factual sufficiency of the evidence, we do not view the evidence in the light most favorable to the verdict; instead, we consider all evidence in a neutral light.

*Johnson v. State*, 23 S.W.3d 1, 6-7 (Tex. Crim. App. 2000).  However, we do not substitute our judgment for that of the jury and will set aside a verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.  *Id*. at 7; *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); *Shelton v. State*, 41 S.W.3d 208, 211 (Tex. App.CAustin 2001, pet. ref=d).  We reverse on factual-insufficiency grounds only when the jury verdict is manifestly unjust, shocks the conscience, or clearly demonstrates bias.  *Clewis*, 922 S.W.2d at 135.

A person commits aggravated assault by intentionally or knowingly threatening another with imminent bodily injury by using or exhibiting a deadly weapon.  Tex. Pen. Code Ann. '' 22.01(a)(2), 22.02(a)(2) (West 1994).  The offense is a first-degree felony if committed against someone the actor knows is a public servant while the public servant is lawfully discharging an official duty.  *See id*. ' 22.02(b)(2).

We will focus on the competing testimony of appellant and Kincaid, supplemented by the videotape of the chase recorded from Kincaid=s police car.  Other witnesses testified on other aspects of the case, but their testimony does not bear on the element of appellant=s intent in displaying the gun during the chase.

Appellant contends that the evidence is legally and factually insufficient to support the finding that he knowingly or intentionally threatened Kincaid.  He denies that he intended to threaten Kincaid.  He admits that he displayed the gun while fleeing Kincaid, but testified that he was simply trying to get rid of it; he testified that he fled the initial traffic stop because he hoped to discard the gun and avoid detection of his possession of a firearm while a felon.  When the gun was first visible, appellant was going around a slight

right-hand curve, pointing the gun back and to the right side of the car. Appellant testified that he was not pointing the gun at Kincaid but was trying to disguise his discarding of the gun by throwing it out the right rear window of the car; he contends that his extended arm raised because he went over a bump. He decided against throwing it out the right rear window because it only rolled down part of the way, and he feared the gun would hit the window. Appellant testified that he eventually threw the gun out of the driver=s window. Appellant argues that he never pointed his gun at Kincaid, never intended to threaten him, was driving forty to fifty miles per hour the whole time, never fired the gun, and never verbally or physically threatened Kincaid.

Kincaid, by contrast, testified that he believed that appellant pointed the gun at him. The incident occurred in the midst of a chase following a traffic stop. On the videotape made by recording equipment in Kincaid=s vehicle, Kincaid is heard to say repeatedly Ahe=s got a gun@ and once says Ahe pointed it at me.@ He testified that appellant pointed the gun two more times during the chase. Still frames from the videotape were also shown to the jury.

We conclude that the evidence is legally and factually sufficient to support the jury=s verdict. Kincaid testified that appellant pointed the gun at him and that he felt threatened. The jury saw the videotape and still frames in which appellant extends the gun back and to the right in the direction of the pursuing Kincaid; the jury heard Kincaid on the videotape spontaneously assert that he believes appellant is pointing the gun at him. The jury could assess from the videotape whether appellant intentionally or knowingly threatened Kincaid with the gun. The jury also heard appellant=s exculpatory explanations for his actions. Although the jury could have accepted appellant=s explanations for his behavior, the jury did not

have to do so. Far more than a scintilla of evidence supports the jury=s finding. We cannot conclude that the verdict is against the overwhelming weight of the evidence, manifestly unjust, shocking, or clearly biased. *See Clewis*, 922 S.W.2d at 135.

We overrule both points of error and affirm the judgment.


Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: August 30, 2002

Do Not Publish