

## NUMBER 13-15-00515-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

ANGEL RODRIGO GONZALEZ RIVERA,                    Appellant,

v.

THE STATE OF TEXAS,                    Appellee.

### On appeal from the 93rd District Court
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Benavides and Perkes**
**Memorandum Opinion by Chief Justice Valdez**

Appellant, Angel Rodrigo Gonzalez Rivera, was convicted of sexual assault of a child, a second-degree felony, and he was sentenced to two years' confinement. *See* TEX. PENAL CODE ANN. § 22.011(a)(2)(West, Westlaw through 2015). The trial court suspended the sentence and placed appellant on two years of community supervision.

By three issues, appellant contends that the evidence is insufficient and that the trial court abused its discretion by denying his motion for new trial.  We affirm.

## I.    BACKGROUND

Martha Clow, a sexual assault nurse examiner who examined the child, testified that the child pointed to her vagina when she told Clow that appellant had raped her.  In her SANE report, Clow noted that there had been vaginal penetration and that she found a scratch inside the child's vagina.  Clow described the scratch as a red tender area on the lower part of the child's vagina, which was about one-half to one-quarter inch in size.  However, in her report, Clow did not note any anal penetration, and she testified that there was no physical evidence of anal penetration.

The child testified that, when she was fourteen-years old, she remembered being awakened by someone opening her bedroom door and then jumping into her bed.  The child said that she felt scared, and when she tried to turn "that person turned [her] again around."  The child stated, "I turned to the side and then he grabbed me forcing me to turn towards where I was."  The child could not see the person's face, and she demonstrated to the jury her position and the other person's position.  The child testified that the person "kissed [her] on [her] arm" and said in Spanish, "Well, move this way or come this way beautiful."  The child recognized the voice as belonging to appellant, who had been her neighbor for many years.  The child said, "[h]e covered my mouth.  He was lowering my panties and my shorts and then I felt something go into my butt."  The child did not "know whether it was his thing or his finger."  When asked what she meant by "his thing," the child replied, "His male part."  The child did not "know" what she did next; however, she remembered running into her brother's room.  According to the child,

2

appellant then entered her brother's room, grabbed her hand, and said, "Come on let's go outside." The child refused, and appellant left her house. The child explained that she became inconsolable, she felt "like trash," "dirty," and she "just wanted to die."

The child was taken to the hospital, but she did not remember "much of what happened at the hospital." On cross-examination, when asked by appellant's trial counsel if she remembered being alone with a nurse, the child stated that she did not "remember any of that." Specifically, she did not remember anyone asking her to disrobe, being examined, making a statement to the nurse, signing her statement, or meeting with an investigator. The prosecutor asked the child to clarify the discrepancy in her testimony regarding whether appellant penetrated the child's sexual organ or anus. The child said, "My butt." When asked, "Is there any reason that you know of why you would have said vagina when you first spoke to the police officers or the nurse," the child replied, "No."

The child stated that this incident has affected her because she no longer wishes to attend school. She has attempted suicide on two occasions due to this incident. The trial court admitted the child's medical records into evidence showing that she suffered from post-traumatic stress disorder, depression, and suicidal thoughts after this incident.[1]

---

[1] In a voluntary statement to police after the incident, appellant stated in pertinent part, the following:

[A]t about 4:00 am today Saturday July 19, 2014 [I went to the child's home] to see if I could meet up with [the child]. When I got to the house I did see that lights on and the backdoor was slightly open. No one was awake so I just went inside the house. I did not have anyone's permission to be inside the house and everyone seemed to be asleep. I was wearing a black button Express shirt, some blue American Eagle jeans and some black boots. I walked inside the house and went into [the child's] bedroom. [The child] was awake and was wearing some black shorts and a shirt. I went to lay down with [the child] on her bed and started to kiss her for about five minutes. I did touch [the child] on her butt as we were kissing but only over her clothing. [The child] then told me to hold on for a minute and walked out of the bedroom. I stayed in [the child's] bedroom for a minute then went out to look for her. I found [the child] in her brother's [] bedroom. [The child] looked scared so I told her that I was going to leave. After I walked outside their home I did hear [the child's brother] yelling but continued walking home. I changed my clothing and was met outside minutes later by [the child's brothers]. [One of the child's brothers] had a bat in his hand and I knew that [the brothers] were at my house because of their sister [the child]. I told them that nothing had happened between me and [the child]. I walked with [the child's brothers] back to their home and was

3

The State indicted appellant on four counts of sexual abuse of a child: (1) count one for penetration of the child's sexual organ by appellant's sexual organ; (2) count two for penetration of the child's sexual organ by appellant's finger; (3) count three for penetration of the child's anus by appellant's sexual organ; and (4) count four for penetration of the child's anus by appellant's finger. The jury acquitted appellant of counts one, three, and four. It convicted him of count two, and pursuant to the jury's recommendation, the trial court sentenced appellant to two years' confinement, suspended the sentence, and placed appellant on community supervision for two years. Appellant filed a motion for new trial, which the trial court denied. This appeal followed.

## II.    SUFFICIENCY OF THE EVIDENCE

By his first and second issues, appellant contends that the evidence is insufficient to show beyond a reasonable doubt that he penetrated the child's vagina with his finger. Specifically, by his first issue, appellant complains that the evidence is insufficient under the requisites of the due process clause of the United States Constitution, and by his second issue, appellant complains that the evidence is insufficient under the due course of law clause of the Article I, section 19 of the Texas Constitution. *See* U.S. CONST. amend. XIV; TEX. CONST. art. I, § 19. Pointing out that the jury acquitted him of the charge of sexual abuse by penetrating the child's vagina with his penis and by penetrating the child's anus, appellant argues that no reasonable juror could have found that he penetrated the child's vagina with his finger.

---

confronted by [the child's] mother []. As I took a step back I was grabbed by [several members of the child's family]. I was held down until the Sheriff[']s Deputies arrived. I would like to state that for some time now [the child] and I have been messing around touching each other as we walk by each other and have kissed each other in the past. I never had sexual intercourse with [the child]. I would like to state that I never took [the child's] shorts of[f] or stuck my hands down her shorts when we were kissing.

4

**A.    Standard of Review**

In a sufficiency review, we examine the evidence in the light most favorable to the prosecution to determine whether any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see Brooks v. State*, 323 S.W.3d 893, 898–99 (Tex. Crim. App. 2010) (plurality op.).   The fact finder is the exclusive judge of the facts, the credibility of witnesses, and of the weight to be given testimony.   *Brooks*, 323 S.W.3d at 899.  We must resolve any evidentiary inconsistencies in favor of the judgment.   *Id.*  "As with any question of circumstantial evidence and inference, 'the jurors are free to use their common sense and apply common knowledge, observation, and experience gained in the ordinary affairs of life when giving effect to the inferences that may reasonably be drawn from the evidence.'"  *Boston v. State*, 373 S.W.3d 832, 837 (Tex. App. 2012), *aff'd*, 410 S.W.3d 321 (Tex. Crim. App.—Austin 2013) (citing and quoting *Obigbo v. State*, 6 S.W.3d 299, 306 (Tex. App.—Dallas 1999, no pet.)).

**B.    Discussion**

Here, Clow stated that during her examination of the child, she discovered an injury inside the child's vagina, which Clow described as a scratch.  Clow opined that the scratch could have been caused by a finger.  Relying on evidence that the child told Clow that appellant penetrated her vagina with something and Clow found a scratch in the child's vagina that according to Clow could have been caused by a finger and relying on its own collective experience and knowledge, we conclude that the jury could have reasonably inferred that appellant used his finger to penetrate the child's vagina.  *See Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990) (en banc) (noting that penetration

may be proven by circumstantial evidence and recognizing "the important public policy that we cannot expect the child victims of violent crimes to testify with the same clarity and ability as is expected of mature and capable adults [and t]o expect such testimonial capabilities of children would be to condone, if not encourage, the searching out of children to be the victims of crimes such as the instant offense in order to evade successful prosecution"). Therefore, viewing the evidence in the light most favorable to the prosecution, we conclude that the evidence in the instant case was sufficient for a rational trier of fact to have believed that the element of the penetration of the child's sexual organ by appellant's finger was established beyond a reasonable doubt.

Appellant argues that "[a]ny evidence by Nurse Clow[] or any other witness as to what the purported victim told her or him that penetration by a finger occurred in the purported victim's vagina was completely erased, destroyed, and undermined by the [] purported victim's trial testimony" that appellant penetrated her "butt." We disagree because it was within the jury's sole province to either believe Clow or to believe the child and it was for the jury to reconcile any discrepancies or conflicts in the evidence. *See Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Accordingly, we cannot sit as the thirteenth juror to conclude that the jury should have believed the child's testimony that appellant penetrated her butt instead of believing Clow that the child told her that appellant penetrated her vagina. *See id.* (explaining that mandating "direct-appeal courts to sit as 'thirteenth jurors' would be inconsistent with the overwhelming weight of civil and criminal authority that direct-appeal courts should review a jury's verdict under deferential standards"). We overrule appellant's first and second issues.

### III.   Motion for New Trial

By his third issue, appellant contends that the trial court abused its discretion by denying his motion for new trial.  Specifically, appellant argues that because the evidence is insufficient, a new trial should have been granted.  Because we have found that the evidence is sufficient to support the jury's verdict in this case, we find no merit in appellant's third issue.  We overrule appellant's third issue.

### IV.   Conclusion

We affirm the trial court's judgment.

/s/ Rogelio Valdez
ROGELIO VALDEZ
Chief Justice

Do Not Publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
29th day of December, 2016.