TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00277-CR






Douglas Ray Vest, Appellant




v.




The State of Texas, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-96-0279-S, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING







A jury found appellant Douglas Ray Vest guilty of aggravated sexual assault of a
child and assessed punishment at imprisonment for sixty-five years. See Tex. Penal Code Ann.
§ 22.021(a)(1)(B)(i), (2)(B) (West Supp. 1999). In his sole point of error, appellant contends the
evidence is factually insufficient to sustain the jury's verdict. We will overrule this contention and
affirm the conviction.

Factual sufficiency review begins with the presumption that the evidence is legally
sufficient to support the verdict; that is, that the evidence most favorable to the verdict rationally
supports a finding of guilt beyond a reasonable doubt. See Stone v. State, 823 S.W.2d 375, 381
(Tex. App.--Austin 1992, pet. ref'd as untimely filed). In a factual sufficiency review, the
evidence is not viewed in the light most favorable to the verdict. Instead, all the evidence is
considered equally, including the testimony of defense witnesses and the existence of alternative
hypotheses. Orona v. State, 836 S.W.2d 319, 321 (Tex. App.--Austin 1992, no pet.). A verdict
will be set aside for factual insufficiency only if it is so contrary to the overwhelming weight of
the evidence as to be clearly wrong and unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim.
App. 1996); Stone, 823 S.W.2d at 381.

Appellant lived with the complainant's mother. In February 1996, the complainant
told her kindergarten teacher, Terri Welch, that appellant "would put slimy stuff all over his
private area and that he would put his private into her and that when he got all of the other slimy
stuff out, that he was finished and she would have to go to the bathroom and clean up." When
asked by Welch where appellant put his private, the child indicated between her legs. The
complainant was physically examined by Brenda Keeling, a registered nurse and trained sexual
assault nurse examiner. Keeling found minor injuries to the complainant's hymen that Keeling
believed, based on her training and experience, indicated penetration of the complainant's female
sexual organ by a penis. During the examination, the complainant told Keeling that appellant
"puts his weenie where she goes to the bathroom." 

The defense countered this evidence with the testimony of Dr. Randy Rountree, a
gynecologist with experience examining sexually abused children. Rountree testified that a five-year-old girl would suffer more serious injuries than those observed by Keeling if her hymen were
fully penetrated by an adult penis. Rountree acknowledged on cross-examination, however, that
Keeling's observations were consistent with penetration of the outer labia without penetration of
the hymen. To rebut Rountree's testimony, the State called Dr. Gregory Dunham, also a
gynecologist and the supervisor of the sexual assault nurse examiner program in San Angelo. 
Dunham testified that penetration of the labia does not necessarily leave marks, and that physical
evidence of penetration is found in only forty percent of confirmed child sexual abuse cases.

Appellant's attack on the factual sufficiency of the evidence is two-pronged. First,
he argues that the evidence of penetration is not sufficient. In a prosecution for sexual assault,
penetration may be proved circumstantially. Nilsson v. State, 477 S.W.2d 592, 595 (Tex. Crim.
App. 1972). Proof of the slightest penetration is sufficient. Id.; see also Vernon v. State, 841
S.W.2d 407, 409 (Tex. Crim. App. 1992) (penetration of female sexual organ does not mean
penetration of vaginal canal). The complainant told the outcry witness that appellant put his
private into her, indicating her genitals. The complainant's outcry was substantive evidence. 
Villalon v. State, 791 S.W.2d 130, 135-36 (Tex. Crim. App. 1990). All the medical experts,
including appellant's, testified that the condition of the complainant's hymen was consistent with
penetration of the labia by a penis. On this record, it cannot be said that the finding of penetration
is against the great weight of the evidence.

Appellant's second argument is that the complainant's outcry was not credible. 
Appellant cites Welch's testimony that the complainant, before making her outcry, asked the
teacher whether she liked appellant. Welch also testified that the complainant had, on other
occasions, told her that appellant threw her sister across a room and locked her brother in a room. 
Appellant argues that this is evidence of "a pattern of this child trying to . . . remove someone
from her home life by testing the waters with various derogatory aspersions." Appellant also
points to Welch's testimony that after making her outcry, the complainant asked Welch not to tell
anyone because appellant would leave and her mother would be left alone. "This," urges
appellant, "is the equivalent of Brer Rabbit telling the fox not to throw him in the briar patch; that
is, it is reasonable to circumstantially infer that the child here is predicting or suggesting a result
that she truly wants."

Whether a five-year-old child is capable of the sophisticated scheme suggested by
appellant was a question for the jury in its role as the exclusive judge of the weight and credibility
of the evidence. See Castellano v. State, 810 S.W.2d 800, 807 (Tex. App.--Austin 1991, no
pet.); Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979). Appellate courts exercise their fact
jurisdiction only to prevent a manifestly unjust result. We are not free to reweigh the evidence
and set aside a verdict merely because we feel that a different result is more reasonable. Clewis,
922 S.W.2d at 135; Reina v. State, 940 S.W.2d 770, 773 (Tex. App.--Austin 1997, pet. ref'd). 
We must maintain appropriate deference to the jury's verdict by finding error only when the
verdict is so against the great weight of the evidence as to be clearly wrong and unjust. Reina,
940 S.W.2d at 773.

The credibility of the complainant's outcry was a question for the jury. Her outcry
was corroborated by the examining nurse, who testified that she found evidence indicating
penetration of the complainant's female sexual organ by a penis. There is no evidence,
circumstantial or otherwise, that such penetration did not occur. On this record, it cannot be said
that the jury's verdict is so against the great weight of the evidence as to be manifestly wrong or
unjust. 

The point of error is overruled and the judgment of conviction is affirmed.



 

 Jan P. Patterson

Before Chief Justice Aboussie, Justices Kidd and Patterson

Affirmed

Filed: April 29, 1999

Do Not Publish



ree's testimony, the State called Dr. Gregory Dunham, also a
gynecologist and the supervisor of the sexual assault nurse examiner program in San Angelo. 
Dunham testified that penetration of the labia does not necessarily leave marks, and that physical
evidence of penetration is found in only forty percent of confirmed child sexual abuse cases.

Appellant's attack on the factual sufficiency of the evidence is two-pronged. First,
he argues that the evidence of penetration is not sufficient. In a prosecution for sexual assault,
penetration may be proved circumstantially. Nil