TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00639-CR







Larry Douglas Jones, Appellant



v.



The State of Texas, Appellee








FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT


NO. 98-149-K368, HONORABLE BURT CARNES, JUDGE PRESIDING








 A jury found appellant Larry Douglas Jones guilty of aggravated sexual assault
(count one) and indecency with a child by contact (count two). Tex. Pen. Code §§ 22.011 &
21.11 (West Supp. 2000). The jury assessed punishment for aggravated sexual assault, enhanced
by a prior felony conviction, at life imprisonment and assessed twenty years in prison for
indecency with a child. See Tex. Penal Code § 12.42(c)(2) & (g) (West Supp. 2000) (punishment
for aggravated sexual assault is life in prison when defendant has a prior felony conviction). In
his only point of error, Jones alleges that the evidence is legally insufficient to support a
conviction for aggravated sexual assault insofar as the evidence fails to prove that appellant
"penetrated" the victim's female sexual organ. We will overrule this contention and affirm the
trial court's judgment.

FACTUAL BACKGROUND

 On January 9, 1998, the complainant, K.J. (age 13 at the time of the offense), spent
the night at the home of her friend Amy, Jones' stepdaughter. K.J. testified that after Amy and
her mother went to bed, she and Jones stayed up late watching movies. She recalled that Jones
offered her some beer in a plastic cup, which she drank and then blacked out. Although she did
not remember what Jones did to her after she blacked out, she remembers wearing panties and a
sanitary pad that night. According to oral and written statements provided after his arrest, Jones
admitted putting Valium in K.J.'s beer. Jones further stated that after K.J. became unconscious,
he moved her panties aside and penetrated her vagina with a lubricated finger. Jones admitted
to "fingering" her and specified in oral and written statements to police that he penetrated her with
his finger "up to the first joint," or approximately half an inch.

 When complainant's mother, arrived to pick up her daughter the following
morning, she found K.J. asleep in Amy's room. Jones was the only other person in the home at
the time. The complainant's mother testified that after her daughter awoke, she was so incoherent
and groggy that she needed help getting to the car and that she vomited in the driveway. K.J.'s
condition did not improve, and the next morning her mother took her to Johns Community
Hospital where Dr. Jamie Gutierrez discovered traces of diazepam (Valium) in her blood. 
Subsequent tests administered by a chemist with the Department of Public Safety confirmed the
presence of diazepam in K.J.'s blood.

 On January 14, 1998, Officer Carl Rackley, a Cedar Park Police Investigator,
arrested Jones and obtained the oral and written confessions admitted as evidence in trial. In his
written statement, Jones explained, "During the time I was touching her genitals, I did not
penetrate more than half an inch." Jones revealed to Officer Rackley that he stopped the
penetration because K.J. had a "soiled sanitary pad." He then masturbated.

 Forensic serologist, Wilson Young, identified semen stains on K.J.'s panties and
further testified that the DNA in the semen matched the DNA extracted from a blood sample
obtained from Jones.

 As to the offense of aggravated sexual assault, the court's charge required the jury
to find beyond a reasonable doubt that Jones "intentionally or knowingly caused the penetration
of the female sexual organ of K.J., a child younger than 14 years of age, by the defendant's
finger." The jury found Jones guilty on both counts.


DISCUSSION

 Jones contends in his only point of error that the evidence was legally insufficient
to support a conviction of aggravated sexual assault which requires that a jury find beyond a
reasonable doubt that the defendant "intentionally or knowingly caused (by any means) the
penetration of the female sexual organ of a child younger than 14 years of age."

 To determine the legal sufficiency of the evidence to support a criminal conviction,
we review all the evidence in the light most favorable to the verdict to determine if any rational
trier of fact could have found the essential elements of the offense beyond a reasonable doubt. 
See Jackson v. Virginia, 443 U.S. 307, 319 (1979); Staley v. State, 887 S.W.2d 885, 888 (Tex.
Crim. App. 1994). Any inconsistencies in the evidence should be resolved in favor of the verdict. 
See Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). This standard of review is
the same for both direct and circumstantial evidence. See Green v. State, 840 S.W.2d 394, 401
(Tex. Crim. App. 1992).

 Jones argues that the evidence admitted at trial cannot support a reasonable
inference that appellant actually penetrated the victim. Specifically, Jones contends that the
language of his written statement that he stopped "trying to enter her with my finger" after he
noticed the sanitary napkin can only support a reasonable inference that he tried to enter
complainant, not that he actually did so. Similarly, Jones argues that the statement "(d)uring the
time I was touching her genitals, I did not penetrate more than half an inch" indicates that Jones
merely intended to "touch" K.J., not to "penetrate" her, and that the jury could only reasonably
infer as much.

 Appellant's semantic distinctions are irrelevant. In the context of an aggravated
sexual assault charge, proof of the slightest penetration is sufficient to meet the requirement of
"penetration." See Nilsson v. State, 477 S.W.2d 592, 595 (Tex. Crim. App. 1972); see also
Vernon v. State, 841 S.W.2d 407, 409 (Tex. Crim. App. 1992) (penetration of female sexual
organ does not require proof of penetration of vaginal canal). Jones specifically admitted to
penetrating the victim up to the first joint of his finger or half an inch.

 Furthermore, there is no requirement that the victim be able to testify to
penetration; it may be proved by circumstantial evidence or other evidence. Villalon v. State, 791
S.W. 2d 130, 134 (Tex. Crim. App. 1990); Nilsson, 477 S.W. 2d at 595 (holding that in
prosecution for rape, "penetration may be proved by circumstantial evidence"). The evidence
presented at trial, including the presence of lubrication in Jones' home, traces of Jones' semen on
the victim's panties, the presence of diazepam in the victim's blood, and other facts corroborate
Jones' oral and written confessions. The evidence, under these circumstances, was legally
sufficient for a rational jury to conclude that Jones penetrated the female sexual organ of the
victim. Therefore, the jury was entitled to find the defendant guilty of aggravated sexual assault
based on the facts presented at trial.


CONCLUSION


 The judgment of conviction is affirmed.



 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: March 2, 2000

Do Not Publish



tified that the DNA in the semen matched the D