NO. 07-01-0203-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JUNE 18, 2003

______________________________

JEROME BAKER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 137
TH
 DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2000-434327; HONORABLE CECIL PURYEAR, JUDGE

_______________________________

Before QUINN and REAVIS, JJ., and BOYD, S.J.
(footnote: 1)
Memorandum Opinion

In this appeal, appellant Jerome Baker challenges his conviction of murder and the resulting punishment, enhanced because of a prior conviction, of life confinement in the Institutional Division of the Department of Criminal Justice and a $10,000 fine.  In doing so, he presents three issues for our decision.  In the first two of those issues, he contends the evidence is both legally and factually insufficient to sustain the conviction, and in his third issue, he argues that his trial counsel was so ineffective as to deprive him of his Sixth Amendment right to counsel.  Disagreeing that any of the issues reveal reversible error, we affirm the judgment of the trial court.

The standards by which we judge appellant’s legal and factual sufficiency challenges are now axiomatic. In reviewing the legal sufficiency of the evidence, we must examine the evidence in a light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); 
Villalon v. State
, 791 S.W.2d 130, 132 (Tex. Crim. App. 1990).  The standard of review is the same for both direct and circumstantial evidence.  
Geesa v. State
, 820 S.W.2d 154, 156-57 (Tex. Crim. App. 1991).  In reviewing factual sufficiency challenges,  we must view all the evidence without the prism of in the light most favorable to the prosecution and only set the verdict aside if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.  
Clewis v. State
, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996).   In performing our function, we must remember that we are not free to reweigh the evidence and set aside a jury verdict merely because as appellate judges, we feel that a different result is more reasonable.  
Id.

Appellant was charged with the murder of Michael Satchel alleged to have been committed on May 7, 2000, at the Fiesta Club in Lubbock.  The evidence showed there was a rather large group of people in attendance at the club and its immediate surrounding area.  The State’s witness William Walker, the only witness of those present at the scene who came forward and testified, averred that he saw appellant approach Satchel’s car from the rear with a gun and shoot him five times.  The police investigation showed that the victim was shot a “minimum” of four times and the injuries were consistent with the victim being shot from the rear.  Prosecution witness Tramitra Hawkins testified that about three weeks before the shooting, she heard appellant, while looking in the direction of Satchel, say, “I’m going to kill that nigger because that nigger killed my brother.”  D’Juana Johnson said that the day after the shooting, she was with Walker and he pointed out appellant as the one who shot Satchel.  She also heard appellant’s sister say that Satchel was shot because he had killed another brother.  Additionally, she said that about three or four days after the occurrence, while appellant and some of his friends were “just shooting the breeze about it,” she heard appellant say, “I hated that I smoked that fool, but I did.”  Further, there was evidence that appellant and the deceased were members of rival gangs and that the shooting may have been gang related.  One of appellant’s fellow jail inmates said that he asked appellant why he was in jail, and appellant answered, “I killed that nigger, but there’s no way they can prove it.”  There was also evidence that some two and a half hours after the shooting, appellant purchased a one-way ticket to Dallas.

In challenging the reliability of William Walker’s eyewitness testimony, appellant points out that Walker’s opportunity to see the shooter, whom he did not previously know, was estimated at about two seconds.  Counsel also points out in Walker’s initial statement that he said he saw appellant and the victim in a fight shortly before the time of the shooting, which he was later “corrected” about.  Walker also had some discrepancies in his description of the clothing the shooter was wearing at the time of the shooting. Moreover, appellant notes that Walker did not come forward until a reward was offered and his girlfriend told him of neighborhood gossip that appellant had committed the murder.  Counsel also challenges the testimony of the State’s witness D’Juana Johnson, pointing out that she was William Walker’s girlfriend, and suggests that her testimony relating to appellant’s committing the crime was based upon assumptions and hearsay statements of the neighborhood.  In sum, appellant argues that the State’s case depended upon Walker’s testimony and because it had so many variables and inconsistencies, it was not sufficient to sustain the conviction.

We disagree.  It is so well established as to not require the citation of relevant authority that it is the peculiar function of the jury to determine the credibility of the witnesses and the weight to be given their testimony.  Whatever other inconsistencies may have existed in Walker’s testimony, he was consistent that he saw appellant shoot the victim.  That direct testimony, if accepted by the jury, as it obviously was, was legally sufficient to sustain the verdict.  
Goodman v. State
, 66 S.W.3d 283, 286 (Tex. Crim. App. 2001).  Moreover, that uncontradicted testimony, coupled with all the surrounding circumstances, including the witness testimony about appellant’s admission of the crime, was factually sufficient to sustain the jury’s resolution.  Appellant’s first two issues are overruled.  

Reiterated, in his third issue, appellant posits that his trial representation was ineffective and was not the result of trial strategy.  The Sixth Amendment to the Federal Constitution guarantees the right of effective assistance of counsel.  That right is made applicable to each of the states through the Due Process Clause of the Fourteenth Amendment.  
Cuyler v. Sullivan
, 446 U.S. 335, 343-44, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980).  To demonstrate ineffective assistance of counsel, an appellant must meet the two prong test explicated in 
Strickland v. Washington
, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted in Texas by 
Hernandez v. State,
 726 S.W.2d 53, 57 (Tex. Crim. App. 1986).  

In 
Strickland, 
the Court explained that a claimant must establish that trial counsel’s representation so undermined the “proper functioning of the adversarial process that the trial cannot be relied on having produced a just result.” 
Strickland,
 466 U.S. 686, 104 S.Ct. 2064.  To do so,  an appellant must show:  1) trial counsel’s performance was deficient; and 2) the deficient performance was so serious that it prejudiced his defense.  
Id. 
466 U.S. 687, 104 S.Ct. 2064.  That means that an appellant must prove by a preponderance of the evidence that his trial counsel’s representation fell below the standard of prevailing professional norms and that there is a reasonable probability that but for counsel’s deficiency, the result of the trial would have been different.  
McFarland v. State
, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996) 
(citing
 
McFarland v. State
, 845 S.W.2d 824, 842 (Tex. Crim. App. 1992)), 
cert. denied
, 519 U.S. 1119, 117 S.Ct. 966, 136 L.Ed.2d 851 (1997), 
overruled on other grounds by Mosley v. State, 
983 S.W.2d 249 (Tex. Crim. App. 1998).

Additionally, the review of counsel’s representation is highly deferential. In conducting that review,  we must indulge a strong presumption that counsel’s conduct falls within a wide range of reasonable representation and remember that the burden is upon the appellant to overcome that presumption.  
Id.  
To overcome the presumption, an appellant must identify the acts or omissions of counsel that are alleged to constitute ineffective assistance, and he or she must affirmatively prove that they fall below the professional norm for reasonableness.  
Id.  
Thus, an appellant must affirmatively prove  prejudice.  He or she must show that counsel’s errors, judged by the totality of the representation, not by isolated instances of error or by only a portion of the trial, denied him a fair trial.  
Id.   
It is not enough for appellant to show that the errors had some conceivable effect on the outcome of the proceedings, but he or she must show that there is a reasonable probability that, but for counsel’s errors, the factfinder would have had a reasonable doubt respecting guilt.  Further, performing its function, the reviewing court must consider the totality of the evidence before the jury.  Any allegations of ineffectiveness must be firmly founded on the record, and the record must affirmatively demonstrate the alleged ineffectiveness. 
 
Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.  
Id
.

In advancing the theory that trial counsel was ineffective, appellate counsel refers to the fact that at trial, counsel had in his possession four witness statements.  During his opening statement, trial counsel stated to the jury that Detective Bruenig (one of the investigating officers) spoke to many witnesses and commented, “Hopefully, you’re going to hear from most of these witnesses.”  He also told the jury:

They all told different stories.  And these people will all tell you something different about this shooting, different build, different clothes, different hairstyle.  They will tell you these different things.

Counsel argues that by telling the jury that they would be hearing from these witnesses,  they would present “the rest of the story,” and by failing to call them, counsel “lied” to the jury and unfairly prejudiced his case.  Appellate counsel has included the witness statements in the record.  However, other than those brief statements, there is no sworn testimony produced from them at a new trial hearing to show exactly what their trial averments would have been.  Under this record, and  within the purview of the presumption of adequate representation, trial counsel could reasonably have concluded that after hearing the State’s case and exposing weaknesses in their testimony, the risk of putting the witnesses on and exposing them to cross-examination would have exceeded any benefit from the testimony.  There is nothing in the record to show counsel’s motivation in not calling the witnesses.  
See, e.g., Mallett v. State
, 
65 S.W.3d 59, 67 (Tex. Crim. App. 2001) (when the record is silent about counsel’s motivations, the court is unwilling to conclude his representation was deficient). 

Additionally, even assuming, arguendo, that counsel’s trial performance fell below an objective standard of reasonableness, appellant has failed to establish the second prong of the 
Strickland
 test, namely, that but for trial counsel’s failure to call the witnesses, there is a reasonable probability that the result of the trial would have been different.  Indeed, in footnote 1 on page 20 of appellant’s brief, he notes that the witness statements do not establish his innocence but are referred to for their “exculpatory” nature.  While those statements may differ in some respects from the sworn testimony of the State’s witnesses, they are not sufficient to give rise to a reasonable probability that the jury would not have returned a guilty verdict.  Viewed in the light by which we must view it, the record does not show ineffectiveness of appellant’s trial representation.  Appellant’s third issue is overruled.

In sum, all of appellant’s issues are overruled and the judgment of the trial court is affirmed. 

John T. Boyd

Senior Justice

Do not publish. 

FOOTNOTES
1:
John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.  Tex. Gov’t Code Ann. §75.002(a)(1) (Vernon Supp. 2003).