# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-08-00243-CR

**Hilario Moncada, Appellant**

**v.**

**The State of Texas, Appellee**

---

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
### NO. D-1-DC-06-100011, HONORABLE BRENDA P. KENNEDY, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Following a bench trial, appellant Hilario Moncada was adjudged guilty of aggravated sexual assault of a child and indecency with a child by contact. *See* Tex. Penal Code Ann. § 21.11(a)(1) (West 2003), § 22.021(a)(1)(B), (2)(B) (West Supp. 2008). The court assessed punishment for both offenses at twenty years' imprisonment. In two points of error, appellant contends that the evidence is legally insufficient to sustain the convictions. We find that the evidence is sufficient and affirm.

When there is a challenge to the legal sufficiency of the evidence to sustain a criminal conviction, the question presented is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We review all the evidence in the light most favorable to the verdict; it is assumed that the trier of fact resolved conflicts in the

testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the verdict. *Clayton*, 235 S.W.3d at 778.

The complainant's mother testified that in January 2006, the complainant, who was then four years old, told her that appellant had put his penis into the complainant's mouth and "hiney." She reported this outcry to the police.

The complainant testified that appellant "got his bird out and he put it with blood in my mouth." Asked where appellant had touched him with his "bird," the complainant answered, "In my hiney and my mouth." The complainant testified that he, too, has a "bird" and that he used it to go the bathroom. He added that "[p]ee-pee" comes out of the "bird." Asked to point to the "bird" on an anatomically correct doll, the complainant pointed to the doll's penis. The complainant also testified that appellant "touch[ed] me in my hiney" with his hands. The complainant said that these things happened twice, on "Santa Claus day" and "another day."

The complainant was examined by Dr. Beth Nauert, a pediatrician with expertise in the field of child sexual abuse. As part of her examination, Nauert interviewed the complainant with the aid of an interpreter.[1] Nauert testified that the complainant told her "toco mi cola mi papa." She testified that she understood this to mean that "my father touched my—and I didn't know at that time what he was referring to—cola. But after he did his drawing, he was referring to his rectum." Nauert testified that the complainant also told her that appellant "touched his bottom with his finger." Nauert added that the complainant indicated to her that appellant had touched the complainant's "groin or penis area" and his "rectal area."

---

[1] The complainant, the complainant's mother, and appellant testified through interpreters.

Nauert testified that the complainant's physical examination was unremarkable. The doctor found no tears or scars, and determined that "the tone or the muscle tenseness was normal." Nauert testified that this was not inconsistent with a claim of "rectal penetration." Asked by the prosecutor, "[H]ow is it possible that someone could invade the anus of a child and not leave tearing," Nauert replied, "The rectum is a very stretchable part of your body."

In his own testimony, appellant denied all the allegations against him. He said that he did not understand why the complainant would make such accusations.

The indictment contained six counts, two each for aggravated sexual assault of a child, indecency with a child by contact, and indecency with a child by exposure. The court adjudged appellant guilty on only two counts: (1) aggravated sexual assault by causing the complainant's anus to contact appellant's sexual organ, and (2) indecency with a child by touching the complainant's anus with the intent to arouse or gratify appellant's sexual desire. Appellant contends that the evidence is legally insufficient to support his conviction for either offense because there is no evidence that when the complainant testified that appellant touched or penetrated his "hiney," he was referring to his anus. Appellant points out that when asked what he meant by "hiney," the complainant answered, "I sit with my hiney." Appellant argues that this testimony fails to support the conclusion that the complainant used the word "hiney" to refer to his anus, and therefore the evidence does not establish that appellant either contacted the complainant's anus with his penis or that he otherwise touched the complainant's anus.

The complainant testified that appellant put his "bird," or penis, "in my hiney." He also testified that appellant touched him "in my hiney" with his hands. The record reflects that when

3

the complainant was asked where his "hiney" is located, he accompanied his verbal answer with a visual demonstration using the anatomically correct doll. The trial court had the benefit of seeing this demonstration. In addition, Nauert testified that the complainant reported to her that appellant had touched his "rectum." Considering Nauert's testimony as a whole, it is reasonable to infer that she was using the term "rectum" to refer to the anus.

Appellant concedes that when Nauert's testimony is considered, the evidence "may be sufficient" to prove the required contact of the complainant's anus. He urges, however, that the doctor's testimony recounting the complainant's statements to her was inadmissible, albeit unobjected-to, hearsay. We express no opinion as to whether Nauert's testimony was inadmissible hearsay because, even if it were, inadmissible hearsay admitted without objection "shall not be denied probative value merely because it is hearsay." Tex. R. Evid. 802. More generally, we consider all evidence in the record when conducting a legal sufficiency review, even evidence that was inadmissible. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).

Although the State must meet its burden of proof in every case, we do not expect a child to testify with the same clarity or precision as we would expect from an adult. *See Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990). Considering all of the testimony in the record, both lay and medical, in the light most favorable to the result, and keeping in mind that the trial court had the benefit of seeing the complainant testify and watching his demonstrations with the anatomically correct doll, we hold that a rational trier of fact could have found beyond a reasonable doubt that appellant caused the complainant's anus to touch his penis and that appellant

4

also, and separately, touched the complainant's anus with the intent to arouse or gratify his sexual desire.  The points of error are overruled.

There is a separate judgment for each count.  The judgments of conviction are affirmed.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed:   March 3, 2009

Do Not Publish