TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00243-CR







Hilario Moncada, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT


NO. D-1-DC-06-100011, HONORABLE BRENDA P. KENNEDY, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



Following a bench trial, appellant Hilario Moncada was adjudged guilty of aggravated
sexual assault of a child and indecency with a child by contact. See Tex. Penal Code Ann.
§ 21.11(a)(1) (West 2003), § 22.021(a)(1)(B), (2)(B) (West Supp. 2008). The court assessed
punishment for both offenses at twenty years' imprisonment. In two points of error, appellant
contends that the evidence is legally insufficient to sustain the convictions. We find that the
evidence is sufficient and affirm.

When there is a challenge to the legal sufficiency of the evidence to sustain a criminal
conviction, the question presented is whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324 (1979); 
Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We review all the evidence in the
light most favorable to the verdict; it is assumed that the trier of fact resolved conflicts in the
testimony, weighed the evidence, and drew reasonable inferences in a manner that supports the
verdict. Clayton, 235 S.W.3d at 778.

The complainant's mother testified that in January 2006, the complainant, who was
then four years old, told her that appellant had put his penis into the complainant's mouth and
"hiney." She reported this outcry to the police.

The complainant testified that appellant "got his bird out and he put it with blood in
my mouth." Asked where appellant had touched him with his "bird," the complainant answered, "In
my hiney and my mouth." The complainant testified that he, too, has a "bird" and that he used it to
go the bathroom. He added that "[p]ee-pee" comes out of the "bird." Asked to point to the "bird"
on an anatomically correct doll, the complainant pointed to the doll's penis. The complainant also
testified that appellant "touch[ed] me in my hiney" with his hands. The complainant said that these
things happened twice, on "Santa Claus day" and "another day."

The complainant was examined by Dr. Beth Nauert, a pediatrician with expertise in
the field of child sexual abuse. As part of her examination, Nauert interviewed the complainant with
the aid of an interpreter. (1) Nauert testified that the complainant told her "toco mi cola mi papa." She
testified that she understood this to mean that "my father touched my--and I didn't know at that time
what he was referring to--cola. But after he did his drawing, he was referring to his rectum." 
Nauert testified that the complainant also told her that appellant "touched his bottom with his
finger." Nauert added that the complainant indicated to her that appellant had touched the
complainant's "groin or penis area" and his "rectal area."

Nauert testified that the complainant's physical examination was unremarkable. The
doctor found no tears or scars, and determined that "the tone or the muscle tenseness was normal." 
Nauert testified that this was not inconsistent with a claim of "rectal penetration." Asked by the
prosecutor, "[H]ow is it possible that someone could invade the anus of a child and not leave
tearing," Nauert replied, "The rectum is a very stretchable part of your body."

In his own testimony, appellant denied all the allegations against him. He said that
he did not understand why the complainant would make such accusations.

The indictment contained six counts, two each for aggravated sexual assault of a
child, indecency with a child by contact, and indecency with a child by exposure. The court
adjudged appellant guilty on only two counts: (1) aggravated sexual assault by causing the
complainant's anus to contact appellant's sexual organ, and (2) indecency with a child by touching
the complainant's anus with the intent to arouse or gratify appellant's sexual desire. Appellant
contends that the evidence is legally insufficient to support his conviction for either offense because
there is no evidence that when the complainant testified that appellant touched or penetrated his
"hiney," he was referring to his anus. Appellant points out that when asked what he meant by
"hiney," the complainant answered, "I sit with my hiney." Appellant argues that this testimony fails
to support the conclusion that the complainant used the word "hiney" to refer to his anus, and
therefore the evidence does not establish that appellant either contacted the complainant's anus with
his penis or that he otherwise touched the complainant's anus.

The complainant testified that appellant put his "bird," or penis, "in my hiney." He
also testified that appellant touched him "in my hiney" with his hands. The record reflects that when
the complainant was asked where his "hiney" is located, he accompanied his verbal answer with a
visual demonstration using the anatomically correct doll. The trial court had the benefit of seeing
this demonstration. In addition, Nauert testified that the complainant reported to her that appellant
had touched his "rectum." Considering Nauert's testimony as a whole, it is reasonable to infer that
she was using the term "rectum" to refer to the anus.

Appellant concedes that when Nauert's testimony is considered, the evidence "may
be sufficient" to prove the required contact of the complainant's anus. He urges, however, that the
doctor's testimony recounting the complainant's statements to her was inadmissible, albeit
unobjected-to, hearsay. We express no opinion as to whether Nauert's testimony was inadmissible
hearsay because, even if it were, inadmissible hearsay admitted without objection "shall not be
denied probative value merely because it is hearsay." Tex. R. Evid. 802. More generally, we
consider all evidence in the record when conducting a legal sufficiency review, even evidence that
was inadmissible. Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).

Although the State must meet its burden of proof in every case, we do not expect a
child to testify with the same clarity or precision as we would expect from an adult. 
See Villalon v. State, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990). Considering all of the testimony
in the record, both lay and medical, in the light most favorable to the result, and keeping in mind that
the trial court had the benefit of seeing the complainant testify and watching his demonstrations with
the anatomically correct doll, we hold that a rational trier of fact could have found beyond a
reasonable doubt that appellant caused the complainant's anus to touch his penis and that appellant
also, and separately, touched the complainant's anus with the intent to arouse or gratify his sexual
desire. The points of error are overruled.

There is a separate judgment for each count. The judgments of
conviction are affirmed. 



 ___________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Affirmed

Filed: March 3, 2009

Do Not Publish


 
1. The complainant, the complainant's mother, and appellant testified through interpreters.