Affirmed and Memorandum Opinion filed July 21, 2009








Affirmed and Memorandum Opinion filed July 21, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NOS. 14-08-00437-CR
& 14-08-00439-CR

____________

 

MAXIMUS PAUL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 180th
District Court

Harris County, Texas

Trial Court Cause Nos. 1096947
& 1096948

 



 

M E M O R A N D U M   O P I N I O N

Appellant Maximus Paul was convicted of two counts of
aggravated sexual assault of a child and sentenced to forty-eight years= imprisonment.  In
his sole issue, appellant challenges the legal and factual sufficiency of the
evidence.  We affirm.








Appellant is the complainant=s maternal
step-grandfather.  The complainant=s grandmother,
Kornelia Stevenson, testified that in August of 2006 she was divorced from
appellant and living in East Texas when her thirteen-year-old daughter Tabitha
told her that something bad had happened to the complainant, who was staying
with Stevenson at that time.  Stevenson testified that the complainant, who was
six years old at the time, then told her about an incident that occurred while
she was visiting appellant six to eight months prior.  According to Stevenson,
the complainant told her that appellant took her to his bedroom and sexually
assaulted her.  Specifically, the complainant told her that appellant tried to
put his finger in her vagina, tried to put his penis in her mouth, and placed
his mouth on her vagina.  The complainant also described to Stevenson how
appellant tried to Aenter her@ with his penis
and Arubbed over her
and [] ejaculated on her.@  Stevenson reported the incident to the
police and appellant was charged with two counts of aggravated sexual assault
of a child.

At trial, the complainant identified the vagina as a Aprivate part@ on an
anatomically correct female doll and identified the penis as a Aprivate part@ on an
anatomically correct male doll.  She then testified that appellant touched her Aprivate part@ with his Aprivate part,@ his hand, and his
tongue.  She testified that it hurt, that it felt gross, and that Agooey stuff@ came out of
appellant=s Aprivate part@ while it was on
her Aprivate part.@  On cross‑examination,
the complainant again testified that appellant had placed his mouth on her Aprivate parts,@ and that Agooey stuff came
out@ when he tried to
place his Aprivate part@ into her Aprivate part.@

Appellant denied sexually abusing the complainant.  He
testified that he divorced Stevenson primarily because she was spending
everything they had and diverting funds.  Appellant opined that after his
divorce Stevenson and his step-daughter Natasha made the complainant accuse him
to Adestroy@ him and because
Natasha wanted to help Stevenson.








The State alleged that appellant Aintentionally and
knowingly cause[d] the sexual organ of [the complainant], a person younger than
fourteen years of age and not the spouse of [appellant], to contact the sexual
organ of [appellant]@ and with Aintentionally and
knowingly caus[ing] the sexual organ of [the complainant], a person younger
than fourteen years of age and not the spouse of the defendant, to contact the
mouth of [appellant].@  See Tex. Penal Code Ann. '
22.021(a)(1)(B)(iii) (Vernon 2008).  The jury convicted appellant of both
charges and sentenced him to concurrent forty‑eight-year prison
sentences.  This appeal followed.

In his sole issue on appeal, appellant argues the evidence
is legally and factually insufficient to sustain his conviction.  Specifically,
appellant argues that (1) Stevenson did not testify with sufficient
particularity to prove the elements of the offense, and (2) the complainant was
generally incredible and her testimony inculpating appellant was objectively
unreliable, while appellant=s testimony denying the allegations was
reliable.

In reviewing a legal sufficiency challenge, we view the
evidence in the light most favorable to the verdict and determine whether a
rational trier of fact could have found the essential elements of a crime
beyond a reasonable doubt.  Salinas v. State, 163 S.W.3d 734, 737 (Tex.
Crim. App. 2005).  The jury, as the trier of fact, Ais the sole judge
of the credibility of the witnesses and of the strength of the evidence.@  Fuentes v.
State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999).  The jury may choose to
believe or disbelieve any portion of the testimony.  Sharp v. State, 707
S.W.2d 611, 614 (Tex. Crim. App. 1986).  The jury may also draw reasonable
inferences from basic facts to ultimate facts.  Clewis v. State, 922
S.W.2d 126, 133 (Tex. Crim. App. 1996).  When faced with conflicting evidence,
we presume the trier of fact resolved conflicts in favor of the prevailing
party.  Turro v. State, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993).








In evaluating the factual sufficiency of the evidence, we
view all the evidence in a neutral light and will set aside the verdict only if
we are able to say, with some objective basis in the record, that the
conviction is clearly wrong or manifestly unjust because the great weight and
preponderance of the evidence contradicts the jury=s verdict.  Watson
v. State, 204 S.W.3d 404, 414B17 (Tex. Crim.
App. 2006).  We cannot declare that a conflict in the evidence justifies a new
trial simply because we disagree with the jury=s resolution of
that conflict, and we do not intrude upon the fact‑finder=s role as the sole
judge of the weight and credibility of witness testimony.  See id. at
417; Fuentes, 991 S.W.2d at 271.  The fact‑finder may choose to
believe all, some, or none of the testimony presented.  Chambers v. State,
805 S.W.2d 459, 461 (Tex. Crim. App. 1991); In re A.B., 133 S.W.3d 869,
872 (Tex. App.CDallas 2004, no pet.).  In our review, we discuss the
evidence appellant claims is most important in allegedly undermining the jury=s verdict.  Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  If we determine the
evidence is factually insufficient, we must explain in exactly what way we
perceive the conflicting evidence to greatly preponderate against conviction.  Watson,
204 S.W.3d at 414B17.








Under Texas law, the uncorroborated testimony of a child
victim, standing alone, is sufficient to support a conviction for aggravated
sexual assault.  See Garcia v. State, 563 S.W.2d 925, 928 (Tex. Crim.
App. 1978); Lane v. State, 174 S.W.3d 376, 386 (Tex. App.CHouston [14th
Dist.] 2005, pet. ref=d).  Here, the child complainant=s testimony that
appellant put her on his bed and touched her Aprivate part@ with his Aprivate part@ and tongue was
sufficient to sustain appellant=s convictions for the charged offenses,
given the evidence that the complainant understood the male Aprivate part@ to be the penis
and the female Aprivate part@ to be the
vagina.  See Zuniga v. State, 811 S.W.2d 177, 179 (Tex. Crim. App. 1991)
(stating that proof of contact between sexual organs of complainant and
appellant is sufficient to sustain conviction for aggravated sexual assault of
a child by contact); Villalon
v. State, 791 S.W.2d
130, 133B34 (Tex. Crim. App. 1990)
(recognizing that child victims cannot be expected to testify with the same
clarity and ability as is expected of adults, and holding that child victim=s use of anatomically correct dolls
to demonstrate defendant=s actions, along with her testimony that defendant was on top
of her doing bad things Awith the one he pees@ and trying to Aput it where [she] pee[s]@ and where she does Anumber one,@ was sufficient to establish
penetration element of aggravated sexual assault); Jensen v. State, 66
S.W.3d 528, 533B34 (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d) (recognizing that testimony of
child victim alone is sufficient to support a sexual assault conviction where
child testified that the defendant Aput his finger in [her] [inaudible]
and make [sic] blood,@ stated that the defendant touched her in a way that hurt Aby holding [her] private part@ and touching it with his middle
finger, and illustrated the touching by pointing to the private parts of a
doll). 
The jury could have reasonably inferred that Stevenson=s outcry testimony
corroborated the complainant=s testimony, though corroboration was
unnecessary.  Thus, even if we were to assume that Stevenson=s testimony was
insufficient to do so, because the complainant=s testimony was
independently sufficient to support appellant=s conviction, we
decline to sustain appellant=s sole issue on the basis of this
argument.

Appellant=s second argument challenges the complainant=s credibility by
asserting that:

(1) on cross‑examination she admitted testifying that she was
eight years old, despite being only seven, because the prosecutor had suggested
as much;

(2) she initially could not remember whether appellant had done
anything bad to her at his house, and her testimony inculpating appellant only
came after the trial court granted the State a recess to allow her to watch a
video of her forensic interview; 

(3) Stevenson, whom appellant claims had a motive to ruin him, took her
to the forensic interview;

(4) her testimony was inconsistent regarding whether she had previously
seen the anatomically correct dolls;

(5) she could not remember any details of the incident, including
whether the assault happened at morning or at night;

(6) she denied drawing on pictures of anatomical drawings,
contradicting the testimony of forensic interviewer Amy Donahoe.

However,
the complainant=s credibility is an issue within the sole
province of the jury.  Fuentes, 991 S.W.2d at 271; Sharp, 707
S.W.2d at 614.  Moreover, the complainant remembered several details of the
incident: that it occurred at the appellant=s house, that it
occurred in appellant=s bed, and how appellant carried her to
the room.








Appellant also contends that the complainant=s testimony was
objectively unreliable because it (1) only came through the prosecutor=s use of
anatomically correct dolls, and (2) was predicated upon the complainant=s explicit
assumption that others were using the dolls to communicate to her what
happened, and not that the dolls were for her use in communicating to others
what happened to her.  Both of these arguments are untenable.  First, the
complainant=s testimony is no less inculpatory as a result of the
State=s use of
anatomically correct dolls, and the complainant reiterated portions of the
inculpatory testimony on cross‑examination.  See Villalon v. State,
791 S.W.2d 130, 134B35 (Tex. Crim. App. 1990)  (finding the
complainant=s testimony using anatomically correct dolls
sufficient to support conviction for aggravated sexual assault of a child). 
Second, rather than explicitly assuming that others were using the dolls to
communicate to her what happened, the complainant merely agreed that the State
showed her the dolls because Athey wanted her to get what happened
correct.@  We disagree with
appellant=s contention that this demonstrates the complainant
assumed the dolls were being used to communicate to her what had happened or
that as a result her testimony was objectively unreliable.

Finally, appellant contends that while the complainant=s testimony was
incredible and objectively unreliable, his testimony denying the offense Ashowed no
objective indicia of unreliability@ and was the only
evidence directly and reliably addressing the allegations.  However, the jury
was entitled to believe all, some, or none of the testimony presented and could
have reasonably believed the complainant=s inculpatory
testimony while disbelieving appellant=s exculpatory
testimony.  See Chambers, 805 S.W.2d at 461; Sharp, 707 S.W.2d at
614.

Viewing the evidence in the light most favorable to the
verdict, we conclude that a rational trier of fact could have found the
essential elements of the charged offenses beyond a reasonable doubt.  We
therefore overrule appellant=s legal sufficiency challenge.

Based on the evidence before it, the jury chose to believe
the complainant.  Having neutrally reviewed the entire record, we hold that it
contains no objective basis for saying that appellant=s conviction is
clearly wrong or manifestly unjust because the great weight and preponderance
of the evidence contradicts the jury=s verdict.  We
therefore overrule appellant=s factual sufficiency challenge. 








Having determined that the evidence was legally and
factually sufficient to support the jury=s verdict, we
overrule appellant=s sole issue and affirm the trial court=s judgment.

/s/      Leslie B. Yates

Justice

 

Panel consists of
Justices Yates, Guzman, and Sullivan.

Do Not Publish C Tex. R. App. P. 47.2(b).