In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00164-CR


______________________________




LEWIS CORNELIUS TUCKER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 6th Judicial District Court


Lamar County, Texas


Trial Court No. 23001




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Lewis Cornelius Tucker filed pro se a notice of appeal August 20, 2009, appealing from a
judgment that imposed his sentence June 1, 2009. 

 A timely notice of appeal is necessary to invoke this Court's jurisdiction. Olivo v. State, 918
S.W.2d 519, 522 (Tex. Crim. App. 1996). Rule 26.2(a) prescribes the time period in which a notice
of appeal must be filed by a defendant in order to perfect appeal in a criminal case. A defendant's
notice of appeal is timely if filed within thirty days after the day sentence is imposed or suspended
in open court, or within ninety days after sentencing if the defendant timely files a motion for new
trial. Tex. R. App. P. 26.2(a); Olivo, 918 S.W.2d at 522. No motion for new trial was filed. The last
date Tucker could timely file his notice of appeal was July 1, 2009, thirty days after the day the
sentence was imposed in open court. See Tex. R. App. P. 26.2(a)(1).

 Further, on our review of the clerk's record, we noted that the trial court's certification of right
of appeal stated that this was a plea agreement case and that Tucker has no right of appeal. 

 Unless a certification, showing that a defendant has the right of appeal, is in the record, we
must dismiss the appeal. See Tex. R. App. P. 25.2(d). 

 Because the trial court's certification affirmatively shows Tucker has no right of appeal, and
because the record before us does not reflect that the certification is incorrect, see Dears v. State, 154
S.W.3d 610, 615 (Tex. Crim. App. 2005), we must dismiss the appeal.

 We dismiss the appeal for want of jurisdiction.



 Bailey C. Moseley

 Justice


Date Submitted: September 9, 2009

Date Decided: September 10, 2009


Do Not Publish



the male's anatomy that violated her
"cookie" as his "business." J.D.A. argues this is insufficient to show that his "business" is his "penis"
and, thus, the evidence is insufficient to support his adjudication. 

 The complainant testified that the "private part on a boy" was called his "business." She then
testified J.D.A. put his "business" in her. She further testified that she "[p]inkie promise[d]" J.D.A.
not to tell anyone and that he told her, if she did, he would go to jail. The complainant had
considerable difficulty testifying about the incident, as well as all of the surrounding circumstances. 
She was unable or unwilling to speak and identify her own private parts, but her mother testified (as
an outcry witness) that the complainant called her private parts her "cookie" and that she used that
language to explain to her mother what J.D.A. had done. The mother also testified the complainant
had told her in the outcry that J.D.A. had done "something really gross" to her and "put his business
inside." 

 There was also testimony from the examining nurse the complainant had told her that J.D.A.
had put his "business" in her "cookie" and that it hurt her. The nurse examined the complainant for
signs of sexual assault on the night following the assault.

 J.D.A. testified that the story was one concocted because the mother (2) of the complainant was
with a group of people using marihuana at the house the night of the alleged attack, and that the
mother was using the story to shift the judicial system's attention to him instead of pursuing her for
use of illegal drugs and then leaving the children in the house alone while she went to the store. The
mother admitted that she and several others were using marihuana that night, and admitted that she
left J.D.A. and her two young daughters alone in the house for (according to her description) a few
minutes while she went to a nearby store. 

 The testimony of a child sexual abuse victim alone is sufficient to support a conviction for
aggravated sexual assault. Tex. Code Crim. Proc. Ann. art. 38.07 (Vernon 2005). Courts give
wide latitude to testimony given by child victims of sexual abuse. See Villalon v. State, 791 S.W.2d
130, 134 (Tex. Crim. App. 1990); Ozuna v. State, 199 S.W.3d 601, 606 (Tex. App.--Corpus Christi
2006, no pet.). A child victim is not expected to express herself or himself at the same level of
sophistication as an adult. Villalon, 791 S.W.2d at 134. (3) Further, outcry testimony alone can be
sufficient to sustain a conviction for aggravated sexual assault. Rodriguez v. State, 819 S.W.2d 871,
873-74 (Tex. Crim. App. 1991); Kimberlin v. State, 877 S.W.2d 828, 831-32 (Tex. App.--Fort
Worth 1994, pet. ref'd).

 The evidence is both legally and factually sufficient to support the verdict, and the evidence
to the contrary is not so strong as to require a different result. The contention of error is overruled.

Confrontation of Witness

 J.D.A. next contends his right to confront the witness against him (the complainant) was
violated by her "extensive non-responsiveness" during his cross-examination, based on the Sixth
Amendment to the United States Constitution and Article I, Section 10 of the Texas Constitution.
The appellate contention is based on the extensive failures to respond by the complainant to
questions posed by counsel. Counsel lists and quotes thirty-four questions the complainant did not
answer. According to counsel's count, which we have no reason to doubt, the attorney asked her
ninety questions, which means the complainant did not respond to over one-third of the total number
of questions propounded. 

 Nevertheless, no objection was made to these failures on that--or any--basis. Although, in
the context of a series of questions attempting to elicit answers from a nonverbal eight-year-old
child, it is understandable that counsel might attempt to rephrase questions or seek other ways to
obtain answers, we cannot agree this complies with the duty to raise specific objections before the
trial court if it is thought the process of questioning is constitutionally inadequate. When no
objection is made, even on grounds involving alleged Confrontation Clause violations, the claimed
error is not preserved for our review. Tex. R. App. P. 33.1; Paredes v. State, 129 S.W.3d 530, 535
(Tex. Crim. App. 2004). The contention of error is overruled.

 We affirm the judgment of the trial court.


 Jack Carter

 Justice


Date Submitted: October 16, 2006

Date Decided: January 9, 2007

1. Even when applying the civil rules of procedure, sufficiency of evidence points may be
raised for the first time on appeal in a nonjury case without the necessity of a motion for new trial
raising the issue. Regan v. Lee, 879 S.W.2d 133, 136 (Tex. App.--Houston [14th Dist.] 1994, no
writ); see Tex. R. Civ. P. 324(b) (to preserve error, complaint of factual insufficiency of evidence
to support jury finding must be raised by motion for new trial).
2. The mother had formerly been married to J.D.A.'s uncle--the complainant was evidently
not a child of that relationship.
3. The testimony of a child victim alone is sufficient evidence of penetration to support a
conviction. O'Hara v. State, 837 S.W.2d 139, 141-42 (Tex. App.--Austin 1992, pet. ref'd). There
is no requirement the victim's testimony be corroborated by medical or physical evidence. Garcia
v. State, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978); Kemple v. State, 725 S.W.2d 483, 485 (Tex.
App.--Corpus Christi 1987, no pet.).