**Affirmed and Memorandum Opinion filed October 30, 2014.**



In The

# Fourteenth Court of Appeals

NO. 14-13-00796-CR
NO. 14-13-00797-CR

**LUIS ROBERTO GONZALEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause Nos. 1344119 & 1344120**

## M E M O R A N D U M   O P I N I O N

Appellant Luis Roberto Gonzalez appeals his convictions for aggravated sexual assault of a child under the age of six (sometimes referred to as "super" aggravated sexual assault) and aggravated sexual assault of a child under the age of fourteen. In two issues appellant challenges the sufficiency of the evidence to support his conviction for "super" aggravated sexual assault and his right to effective cross-examination. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The record reflects that the complainant's first outcry came on May 30, 2011, when the complainant told her mother that "Ricky raped me." The mother explained that "Ricky" was the name she and the complainant used for appellant. The complainant later explained that appellant had "put his private in the hole in her private" and described other specific incidents of sexually abusive conduct.

At the time of the outcry, the complainant was seven years old. The complainant told her mother that on Saturdays before art class, appellant would have the complainant perform oral sex on him, and then would tell her she could have a snack before leaving for art class.

The complainant's mother met appellant when the complainant was approximately two years old. About six months later, appellant moved in with the mother and the complainant. When the complainant was three years old, the mother and appellant moved to a two-story apartment. When first describing the sexual abuse, the complainant explained that it happened in the two-story apartment when the complainant was four or five years old. The complainant was in kindergarten when she attended Saturday art classes, and was five years old at the beginning of the school year, turning six in October.

Officer B. A. Morrow of the Houston Police Department and the Children's Assessment Center (CAC), reviewed the complainant's CAC forensic interview. Morrow testified that the complainant "was able to divide how old she was or believed herself to be when things occurred to her," and that she used the apartments in which she lived to identify time frames. Based on his investigation and the complainant's statements, Morrow determined that the alleged abuse began while the complainant was in preschool. Morrow remembered that the complainant tied the abuse to an apartment with a staircase.

The complainant, who was nine years old at the time of trial, testified using anatomically correct dolls. The complainant testified that when she was living in the two-story apartment, on a Saturday she was sitting in the living room watching cartoons. The complainant described this two-story apartment as "the big house." Appellant came into the living room and closed the blinds. Appellant was wearing boxer shorts and a t-shirt. Appellant laid down on the couch with the complainant, placed his hand under her clothing, and touched her bottom. Appellant also pulled down his boxer shorts, took off the complainant's tights and underwear, and penetrated the complainant's vagina with his penis. During this same incident, the complainant testified appellant penetrated her anus with his penis. The complainant also testified to another incident in the same two-story apartment when appellant penetrated her vagina with his penis. The complainant testified that appellant contacted her vagina and anus with his hand on several occasions at both apartments. Appellant also had the complainant perform oral sex on him while they lived in the two-story apartment.

On cross-examination, the complainant testified that the incidents began to happen "around August 30, 2009[.]" The complainant explained that she did not outcry sooner because she was afraid of what appellant might do to hurt her or her mother. Defense counsel asked the complainant about watching the video of her forensic interview. The complainant testified she had watched the video recently, but affirmed that her memory of the events was independent of her memory of the video. Counsel questioned the complainant about whether she had reviewed her testimony with prosecutors. The complainant admitted that she had done so, but she stated that her account of events was not changed by that review.

Appellant testified that the complainant's mother began living with him in 2005. Appellant denied sexually assaulting the complainant. He further testified

that he did not take her to art classes on Saturdays because he was working.

The jury found appellant guilty as charged in the indictments and assessed punishment at 25 years in prison on each count. The trial court ordered appellant's sentences to run concurrently.

## II. ISSUES AND ANALYSIS

### A. Is the conviction supported by sufficient evidence?

In his second issue appellant complains he was denied his right to due process because he was convicted of "super" aggravated sexual assault of a child under the age of six despite insufficient evidence that the child-complainant was under the age of six at the time of the alleged conduct. While appellant couches his complaint in terms of denial of due process, his issue raises the question of whether the evidence is sufficient to support a finding that the complainant was under six years old at the time of the offense.

In evaluating a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000). The issue on appeal is not whether we, as a court, believe the State's evidence or believe that appellant's evidence outweighs the State's evidence. *Wicker v. State*, 667 S.W.2d 137, 143 (Tex. Crim. App. 1984). Rather, the verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991). The trier of fact is the sole judge of the credibility of the witnesses and of the strength of the evidence. *Fuentes v. State*, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999). The trier of fact may choose to believe or disbelieve any portion of the witnesses' testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). When faced with conflicting evidence,

we presume the trier of fact resolved conflicts in favor of the prevailing party. *Turro v. State*, 867 S.W.2d 43, 47 (Tex. Crim. App. 1993). Therefore, if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we must affirm. *McDuff v. State*, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).

A person commits the offense of "super" aggravated sexual assault of a child if the person intentionally or knowingly causes the penetration of the sexual organ of a child under the age of six, by any means. *See* Tex. Penal Code Ann. §§ 22.021(a)(1) (B)(i), (iv) (West 2011). *See also* Tex. Penal Code Ann. §§ 22.021(f)(1) (West 2011). In this case, appellant was indicted for aggravated sexual assault of a child under the age of fourteen, and "super" aggravated sexual assault of a child under the age of six. Appellant does not challenge the sufficiency of the evidence to support his conviction for aggravated sexual assault of a child under fourteen. With regard to the charge of "super" aggravated sexual assault of a child, the indictment alleged that on or about August 30, 2009, appellant intentionally or knowingly caused the penetration of the sexual organ of the complainant, a child who was then younger than six years of age.

The complainant was born October 23, 2003; she was five years and ten months old on August 30, 2009. Appellant claims that "neither the complainant nor her mother could testify with any certainty about when the alleged conduct took place."

The record reflects that the complainant testified the incidents began to happen "around August 30, 2009[.]" In interviews at the CAC and with police officers, the complainant testified that the incidents occurred while she was

attending art classes and lived in the apartment with the staircase.[1] The complainant, her mother, and appellant moved often due to appellant's employment with the apartment complexes.

Using pictures of the apartment complexes, the complainant identified The Park at Woodwind Lakes and Woodway Square Apartments as the apartments in which she lived when the incidents of sexual assault took place. The complainant did not make specific reference to her age at the time of the incidents, but she testified to the location where the incidents occurred. The complainant's mother testified that they lived in The Park at Woodwind Lakes when the complainant was four or five years old. The complainant, her mother, and appellant testified that they moved into Woodway Square Apartments in 2009, when the complainant was five years old. They each testified that the complainant attended art lessons on Saturdays while they lived at Woodway Square Apartments. At The Park at Woodwind Lakes, the parties lived in a two-story apartment with an indoor staircase. At Woodway Square Apartments, they lived in an upstairs unit, which had an outdoor staircase.

The testimony of a child-complainant, standing alone, is sufficient to support a conviction for sexual assault. *See* Tex. Code Crim. Proc. Ann. Art. 38.07 (West 2011); *Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990) (concluding a child-complainant's unsophisticated terminology alone established element of penetration beyond a reasonable doubt). Despite the complainant's failure to testify to her exact age, she offered enough details to support the finding that she was under the age of six at the time appellant penetrated her vagina and anus on a Saturday while living in the apartment at The Park at Woodwind Lakes. *See*

---

[1] When the complainant refers to "the apartment with the staircase" she is referring to the unit at The Park at Woodwind Lakes, sometimes referred to by the complainant's mother as "the townhome."

6

*Bargas v. State*, 252 S.W.3d 876, 888 (Tex. App.—Houston [14th Dist.] 2008, no pet.). The complainant's mother supplied the chronological context necessary to determine the complainant's age at the time of the events the complainant recounted.

The jury heard the complainant's testimony and weighed her imperfect perception of time as to when the abuse occurred. The jury judged the credibility of the witnesses and reconciled conflicts in the testimony, and could have accepted or rejected any or all of the evidence on either side. *See Fuentes*, 991 S.W.2d at 271; *Sharp*, 707 S.W.2d at 614. In a sufficiency review, any inconsistencies in the testimony should be resolved in favor of the jury's verdict. *Johnson v. State*, 815 S.W.2d 707, 712 (Tex. Crim. App. 1991). We conclude that when the evidence is viewed in the light most favorable to the verdict, the jury, as a rational trier of fact, could have determined that the abuse described by the complainant, which occurred while the child was watching cartoons on a Saturday morning, occurred when the complainant was under six years old. *See McDuff*, 939 S.W.2d at 614.

The evidence presented is sufficient to support appellant's conviction for super aggravated sexual assault of a child under the age of six. Appellant's second issue is overruled.

**B. Did appellant preserve error regarding his argument that he was denied his right to due process when he was denied his right to effective cross-examination of the child witness?**

In appellant's first issue, he complains that he was denied his right to due process under the United States and Texas Constitutions when he was denied his right to effective cross-examination because the witness against him was a child subjected to allegedly suggestive pretrial procedures. The State responds that appellant failed to preserve error in the trial court on this issue.

7

To preserve a complaint for appellate review, a party must present to the trial court a timely, specific request, objection, or motion, and obtain a ruling. Tex. R. App. P. 33.1(a). An appellate contention must comport with the specific objection made at trial. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Even constitutional errors may be waived by failure to object at trial. *Broxton v. State*, 909 S.W.2d 912, 917–18 (Tex. Crim. App. 1995). The record does not reflect that appellant asserted in the trial court that he was denied a right to effective cross-examination. The record reflects that appellant vigorously cross-examined the complainant. We conclude appellant failed to preserve error on this issue. *See id.* Accordingly, we overrule appellant's first issue.

The trial court's judgment is affirmed.


/s/     Kem Thompson Frost
        Chief Justice


Panel consists of Chief Justice Frost and Justices Christopher and Busby.
Do Not Publish — Tex. R. App. P. 47.2(b).