**Modified and Affirmed as Modified and Opinion Filed January 21, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00293-CR

**ISRAEL HUERTA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F13-56173-R**

## MEMORANDUM OPINION

Before Justices Francis, Evans, and Stoddart
Opinion by Justice Francis

Israel Huerta appeals his conviction for aggravated sexual assault of a child. After finding him guilty, the jury assessed punishment at eighteen years in prison. In two issues, appellant claims the evidence is legally insufficient to support his conviction and the judgment must be reformed. We modify the judgment and, as modified, we affirm.

In his first issue, appellant contends the evidence is legally insufficient to support his conviction because the complaining witness, N.G., could not remember many details about the assault. Essentially, appellant claims N.G. was not credible.

In a legal sufficiency review, we view all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). The

jury, as the sole judge of the credibility of the witnesses, is free to believe or disbelieve all or part of a witness's testimony. *See Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). We do not engage in a second evaluation of the weight and credibility of the evidence but "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007). The testimony of a child victim alone is sufficient to support a conviction for aggravated sexual assault. *Tear v. State*, 74 S.W.3d 555, 560 (Tex. App.—Dallas 2002, pet. denied).

A person commits an offense if he intentionally or knowingly causes the penetration by any means of the sexual organ of a child younger than 14 years of age. TEX. PENAL CODE ANN. §§ 22.021(a)(1)(B)(i), (a)(2)(B) (West Supp. 2014). Appellant was charged with causing the penetration of N.G.'s sexual organ with his sexual organ.

At trial, twelve-year-old N.G. said she was ten years old when her mom began dating appellant. About a year later, she woke up early one morning because appellant was in her bed. He took her clothes off, then removed his boxer shorts. According to N.G., he "put his thing into" her "middle part." N.G. kicked, screamed, and tried to get up but he forcefully held her down. She said it felt uncomfortable and hurt. She was scared and afraid he was going to hurt her family, especially her mom. Appellant promised her a puppy and told her it was a secret between the two of them. He also told her they would "keep doing it and we weren't going to tell nobody." When appellant left the room, N.G. went to the bathroom to wash. She then went to her mother's room and cried. N.G. also wrote a note saying she had been raped by appellant and did not know what to do. She saw her younger sister in the living room and told her what happened. When her aunt Rocio came by to pick her up for school, N.G. told her appellant had raped her. Rocio called N.G.'s mother who came home from work. The two women drove her

to the police station where the police interviewed her. Later, Rocio drove her to the hospital for a physical exam.

Dr. Matthew Cox is a pediatric physician who medically evaluates children in cases of suspected abuse. He performed N.G.'s exam at Children's Medical Hospital within hours of the assault being reported. N.G. told the doctor what happened, including that "it hurt" but she had no bleeding. In addition, she told Cox "water from [appellant] went inside" her. According to Cox, N.G. had an abnormal genital examination, showing signs of a transection, or tear, of her hymen, as well as swelling and tenderness. Cox concluded "there was definitely an injury that was recent" and was consistent with a penetration type injury. Cox said anything causing penetration of the vagina could tear the hymen, including "being impaled on something," but such an injury would not be caused by falling down or doing the splits  He was not able to perform an internal exam based on N.G.'s level of discomfort and her anxiety.

Although appellant claims we must reverse his conviction because N.G. could not describe how it felt when she was raped and said she did not know if appellant's penis was hard or soft, we disagree. We do not expect or require a child victim to "testify with the same clarity and ability as is expected of mature and capable adults." *Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990). The jury observed N.G. as well as other witnesses, and concluded they were credible. N.G.'s testimony established appellant placed his penis in her vagina and did so when she was eleven years old. A pediatric physician described the tear in her hymen as consistent with penetration. Reviewing all the evidence, including that detailed above, in the light most favorable to the judgment, we conclude the jury could have rationally found each element of the offense beyond a reasonable doubt. We overrule appellant's first issue.

In his second issue, appellant contends the trial court's judgment should be modified to delete "Plus Fear" under the offense for which appellant was convicted. The State concedes the judgment should be modified.

Appellant was charged with aggravated sexual assault, including that he "did place complainant in fear that death, serious bodily injury, and kidnapping would be imminently inflicted on complainant." At the conclusion of the trial, the trial court granted the State's motion to strike the portion alleging placing the complainant in fear. The trial court's judgment incorrectly states appellant was convicted of "aggravated sexual assault child under 14 plus fear." Because the judgment is incorrect, we sustain appellant's second issue. We modify the judgment to show appellant was convicted of "aggravated sexual assault child under 14" by deleting the "plus fear" language. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment.

Do Not Publish
TEX. R. APP. P. 47.2(b)

140293F.U05

/Molly Francis/
MOLLY FRANCIS
JUSTICE

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ISRAEL HUERTA, Appellant

No. 05-14-00293-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 265th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1356173-R.
Opinion delivered by Justice Francis, Justices Evans and Stoddart participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

We **DELETE** the language "Plus Fear" from the offense for which appellant was convicted.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered January 21, 2015.