

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-19-00090-CR

---

JAMES ROSS HEIM III, Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 115th District Court
Marion County, Texas
Trial Court No. F14970

---

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

A Marion County jury found John Ross Heim III guilty of indecency with a child[1] and sentenced him to ten years' imprisonment. In its written judgment, the trial court assessed Heim $400.00 for court-appointed attorney fees.

On appeal, Heim (1) contends that insufficient evidence supported the trial court's assessment of $400.00 in court-appointed attorney fees and (2) urges this Court to reconsider existing precedent on the sufficiency of child-victim testimony. Because we decline to reconsider existing precedent, we affirm Heim's conviction. That said, because we find that insufficient evidence supported the assessment of court-appointed attorney fees, we modify the trial court's judgment to delete the assessment of attorney fees, and we affirm the trial court's judgment, as modified.

## I.      Child-Victim Testimony

In his second issue, Heim acknowledges that under existing precedent about the sufficiency of child-victim testimony, the testimony of the child-victim here was sufficient to support his conviction. Even so, Heim requests that we reconsider the San Antonio Court of Appeals' holding in *Hiatt v. State* that "[c]hild victims of sexual crimes are afforded great latitude when testifying and they are not expected to testify with the same clarity and ability as is expected of a mature and capable adult." *Hiatt v. State*, 319 S.W.3d 115, 121 (Tex. App.—San Antonio 2010, pet. ref'd) (citing *Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990)); *see also Allen v. State*,

---

[1]*See* TEX. PENAL CODE ANN. § 21.11(a)(1).

436 S.W.3d 815, 820 (Tex. App.—Texarkana 2014, pet. ref'd) (same). Heim argues a child victim's testimony should be held to a higher standard and should be supported by corroboration.

The Texas Court of Criminal Appeals in *Villalon* noted "[t]he important public policy that we cannot expect the child victims of violent crimes to testify with the same clarity and ability as is expected of mature and capable adults." *Villalon v. State*, 791 S.W.2d 130, 134 (Tex. Crim. App. 1990). As the court explained, "To expect such testimonial capabilities of children would be to condone, if not encourage, the searching out of children to be the victims of crimes such as the instant offense in order to evade successful prosecution." *Id.* The Texas Legislature also has determined that the uncorroborated testimony of a child victim alone is sufficient to support a conviction for indecency with a child. TEX. CODE CRIM. PROC. ANN. art. 38.07(a), (b)(1) (Supp.).

Since we are bound by both Texas Court of Criminal Appeals precedent and the constitutional enactments[2] of the Texas Legislature, we decline Heim's request that we "reconsider" this precedent. We therefore overrule Heim's second issue.

## II. Insufficient Evidence Supported the Assessment of Court-Appointed Attorney Fees

In his first issue, Heim complains that insufficient evidence supported the trial court's assessment of court-appointed attorney fees. The State concedes that the trial court erred and that the judgment should be modified to delete the attorney fees assessment. We agree.

A trial court may assess court-appointed attorney fees only if "the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g)

---

[2]Heim does not challenge the constitutionality of Article 38.07 of the Texas Code of Criminal Procedure.

(Supp.). "[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)).

Here, the trial court determined that Heim was indigent and appointed an attorney to represent him at trial. A defendant who is found to be indigent "is presumed to remain indigent for the remainder of the proceedings unless a material change in his financial circumstances occurs. TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (Supp.). The record shows that Heim was indigent and contains no determination or finding by the trial court that there was a material change in his financial circumstances, or that he had the financial resources to pay the additional attorney fees. It was thus error to assess $400.00 in attorney fees against Heim for his court-appointed attorney. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.).

We "have the authority to reform judgments and affirm as modified in cases where there is non-reversible error." *Ferguson v. State*, 435 S.W.3d 291, 293 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments). As a result, we sustain Heim's first issue and modify the trial court's judgment.

### III.    Conclusion

For the reasons stated, we modify the trial court's judgment by deleting the assessment of $400.00 for attorney fees.  We affirm the trial court's judgment, as modified.


Scott E. Stevens
Justice

Date Submitted:    August 26, 2019
Date Decided:    August 27, 2019

Do Not Publish

5